# U. S. District Court
## Western District of Arkansas (Fayetteville)
### CIVIL DOCKET FOR CASE #: 5:10−cv−05125−JLH
### *Internal Use Only*

Stebbins v. University of Arkansas et al
Assigned to: Honorable Jimm Larry Hendren
Case in other court: 8th Circuit Court of Appeals, 11−01753
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 07/12/2010
Jury Demand: None
Nature of Suit: 446 Civil Rights: Americans with Disabilities − Other
Jurisdiction: Federal Question

**Plaintiff**

**David Stebbins**　　　　　　　　　　　represented by　**David Stebbins**
1407 N. Spring Rd.
Apt 5
Harrison, AR 72601
PRO SE

V.

**Defendant**

**University of Arkansas**　　　　　　　represented by　**T. Scott Varady**
Office of the General Counsel
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
(479) 575−5401
Fax: (479) 575−5046
Email: svarady@uark.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Office of the Chancellor**　　　　　　represented by　**T. Scott Varady**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/12/2010 | 1 | | COMPLAINT against Office of the Chancellor, University of Arkansas, filed by David Stebbins.(src) (Entered: 07/12/2010) |
| 07/12/2010 | 2 | | MOTION for Leave to Proceed in forma pauperis, MOTION for Service by David Stebbins. (src) (Entered: 07/12/2010) |
| 07/12/2010 | 3 | | ORDER granting 2 Motion for Leave to Proceed in forma pauperis. Signed by |

| | | Honorable Erin L. Setser on July 12, 2010. (src) (Entered: 07/12/2010) |
|---|---|---|
| 07/22/2010 | 4 | MOTION to Register to Use CM/ECF by David Stebbins. (src) (Entered: 07/22/2010) |
| 08/18/2010 | | Summons Issued as to Office of the Chancellor and returned to attorney/plaintiff for service. (tg) (Entered: 08/18/2010) |
| 08/26/2010 | 5 | AFFIDAVIT of Service for complaint, filed by David Stebbins. Office of the Chancellor and University of Arkansas served on 8/20/2010, answer due 9/10/2010.(jn) (Entered: 08/26/2010) |
| 08/26/2010 | 6 | MOTION to Amend 1 Complaint by David Stebbins. (tg) (Entered: 08/26/2010) |
| 08/30/2010 | | TEXT ONLY ORDER granting 6 Motion to Amend/Correct. Signed by Honorable Jimm Larry Hendren on August 30, 2010. (kcg) (Entered: 08/30/2010) |
| 08/30/2010 | 7 | ORDER denying 4 Motion to Register to Use CM/ECF. Signed by Honorable Jimm Larry Hendren on August 30, 2010. (src) (Entered: 08/30/2010) |
| 09/10/2010 | 8 | MOTION to Dismiss by University of Arkansas. (Varady, T.) (Entered: 09/10/2010) |
| 09/10/2010 | 9 | MEMORANDUM BRIEF in Support by University of Arkansas. (Attachments: # 1 Exhibit Exhibits A &B)(Varady, T.) (Entered: 09/10/2010) |
| 09/15/2010 | 10 | RESPONSE to Motion re 8 MOTION to Dismiss filed by David Stebbins. (jn) (Entered: 09/15/2010) |
| 09/16/2010 | 11 | MOTION to Dismiss certain claims by David Stebbins. (jn) (Entered: 09/16/2010) |
| 10/04/2010 | 12 | ORDER taking under advisement 8 Motion to Dismiss; granting 11 Motion to Dismiss. Signed by Honorable Jimm Larry Hendren on October 4, 2010. (src) (Entered: 10/04/2010) |
| 10/07/2010 | 13 | AMENDED COMPLAINT as to 1 Complaint against Office of the Chancellor and University of Arkansas, filed by David Stebbins.(jn) (Entered: 10/07/2010) |
| 10/07/2010 | 14 | MOTION for Service by David Stebbins. (Same document as #13 Amended Complaint) (jn) (Entered: 10/07/2010) |
| 10/07/2010 | | MOTIONS REFERRED: 14 MOTION for Service. Motions referred to Honorable Erin L. Setser.(jn) (Entered: 10/07/2010) |
| 10/27/2010 | 15 | ORDER granting 14 Motion for Service and DIRECTING SERVICE on the Office of the Chancellor, G. David Gearhart, and the University of Arkansas' President B. Alan Sugg. Defendants are to answer within 21 days from the date of service. Signed by Honorable Erin L. Setser on October 27, 2010. (cc: U.S. Marshals Service–Certified)(src) (Entered: 10/27/2010) |
| 10/27/2010 | | 2 USM285 Forms Delivered to USMS re 15 Order on Motion for Service with complaint and Magistrate Consent. (src) (Entered: 10/27/2010) |
| 11/04/2010 | 16 | MOTION to Appoint Counsel by David Stebbins. (src) (Entered: 11/04/2010) |
| 11/12/2010 | 17 | ORDER denying 16 Motion to Appoint Counsel. Signed by Honorable Jimm Larry Hendren on November 12, 2010. (tg) (Entered: 11/12/2010) |

| | | | |
|---|---|---|---|
| 11/23/2010 | 18 | | MOTION to Amend 1 Complaint by David Stebbins. (src) (Entered: 11/23/2010) |
| 11/26/2010 | 19 | | SUMMONS Returned Executed by David Stebbins. Office of the Chancellor served on 11/17/2010, answer due 12/8/2010. (src) (Entered: 11/26/2010) |
| 11/26/2010 | 20 | | SUMMONS Returned Executed by David Stebbins. University of Arkansas served on 11/15/2010, answer due 12/6/2010. (src) (Entered: 11/26/2010) |
| 12/01/2010 | 21 | | MOTION for Extension of Time to File *Motion for Extension of Time to Plead* by University of Arkansas. (Attachments: # 1 Exhibit Exhibit A)(Varady, T.) (Entered: 12/01/2010) |
| 12/01/2010 | 22 | | MEMORANDUM BRIEF in Support of 21 Motion for Extension of Time to Plead by University of Arkansas. (Attachments: # 1 Exhibit Exhibit A)(Varady, T.) Added link on 12/2/2010 (src). (Entered: 12/01/2010) |
| 12/02/2010 | 23 | | ORDER denying 8 Motion to Dismiss; denying 18 Motion to Amend/Correct; taking under advisement 21 Motion for Extension of Time to Plead. Order directing the parties to refrain from the use of inappropriate language in their communications. Signed by Honorable Jimm Larry Hendren on December 2, 2010. (src) (Entered: 12/02/2010) |
| 12/08/2010 | 24 | | Second MOTION for Extension of Time to File *Defendants Renewed Motion for Extension of Time to Plead* by University of Arkansas. (Attachments: # 1 Exhibit Exhibits A–F)(Varady, T.) (Entered: 12/08/2010) |
| 12/08/2010 | 25 | | MEMORANDUM BRIEF in Support *Brief in Support of Defendants Renewed Motion for Extension of Time to Plead* by University of Arkansas. (Varady, T.) Modified text on 12/9/2010 (jas). (Entered: 12/08/2010) |
| 12/14/2010 | 26 | | ORDER granting 21 Motion for Extension of Time to File; granting 24 Motion for Extension of Time to File. Responses to the complaint and amended complaint are due December 23, 2010. Signed by Honorable Jimm Larry Hendren on December 14, 2010. (src) (Entered: 12/14/2010) |
| 12/23/2010 | 27 | | First MOTION to Dismiss *Motion to Dismiss* by University of Arkansas. (Varady, T.) (Entered: 12/23/2010) |
| 12/23/2010 | 28 | | MEMORANDUM BRIEF in Support of 27 First Motion to Dismiss by University of Arkansas. (Varady, T.) Modified to add link on 12/27/2010 (jas). (Entered: 12/23/2010) |
| 12/30/2010 | 29 | | RESPONSE in Opposition re 27 First MOTION to Dismiss filed by David Stebbins. (tg) (Entered: 12/30/2010) |
| 02/15/2011 | 30 | | MOTION to Confirm Arbitration Award by David Stebbins. (src) (Entered: 02/15/2011) |
| 02/15/2011 | 31 | | MEMORANDUM BRIEF in Support of 30 MOTION to Confirm Arbitration Award by David Stebbins. (Attachments: # 1 Exhibit A Youtube Link, # 2 Exhibit B Contract Overview, # 3 Exhibit C. 6/29/10 e–mail, # 4 Exhibit D 12/21/09 e–mail, # 5 Exhibit F 2/4/11 e–mail, # 6 Exhibit G e–mail from Varady, # 7 Exhibit H Dispute Resolution Form, # 8 Exhibit I Arbitration Demand)(src) (Entered: 02/15/2011) |
| 02/15/2011 | 32 | | Suggestion in Support of 30 Motion to Confirm Arbitration Award filed by David |

| | | | |
|---|---|---|---|
| | | | Stebbins. (src) (Entered: 02/15/2011) |
| 02/15/2011 | 33 | | Letter from Clerk to Mr. Stebbins regarding filing (src) (Entered: 02/15/2011) |
| 02/23/2011 | 34 | | MOTION for ECF and pacer account by David Stebbins. (rw) (Entered: 02/23/2011) |
| 03/04/2011 | 35 | | MOTION for Default Judgment as to University of Arkansas and George Gearhart by David Stebbins. (src) (Entered: 03/04/2011) |
| 03/04/2011 | 36 | | MEMORANDUM BRIEF in Support of 35 MOTION for Default Judgment as to University of Arkansas and George Gearhart by David Stebbins. (Attachments: # 1 Exhibit A PACER)(src) (Entered: 03/04/2011) |
| 03/21/2011 | 37 | | SUPPLEMENT by Plaintiff David Stebbins to 30 MOTION to Confirm Arbitration Award, 35 MOTION for Default Judgment as to University of Arkansas and George Gearhart. (src) (Entered: 03/21/2011) |
| 03/24/2011 | 38 | | RESPONSE in Opposition re 30 MOTION to Confirm Arbitration Award, 35 MOTION for Default Judgment as to University of Arkansas and George Gearhart *Response in Opposition to Plaintiff's Supplement to Motion for Default and Motion to Confirm Arbitration Award* filed by University of Arkansas. (Varady, T.) (Entered: 03/24/2011) |
| 03/25/2011 | | | CLERK'S NOTICE re Multiple Attorneys Listed on Pleading directed to Defendants Office of the Chancellor, University of Arkansas. Response in Opposition to Motion, 38 lists multiple attorneys appearing for the filer. The following attorney(s), who did not sign the pleading, must enter a separate Notice of Appearance in order to receive electronic notification of future activity in the case: **William Kincaid, Tamla Lewis, Jeffrey Bell**. TEXT ONLY ENTRY, NO DOCUMENT ATTACHED. (src) (Entered: 03/25/2011) |
| 03/28/2011 | 39 | | REPLY to Response to Motion re 35 MOTION for Default Judgment as to University of Arkansas and George Gearhart filed by David Stebbins. (tg) (Entered: 03/28/2011) |
| 03/28/2011 | 40 | | MOTION for In–Person Hearing by David Stebbins. (tg) (Entered: 03/28/2011) |
| 03/28/2011 | 41 | | MEMORANDUM BRIEF in Support of 40 MOTION for In–Person Hearing by David Stebbins. (tg) (Entered: 03/28/2011) |
| 03/31/2011 | 42 | | NOTICE OF APPEAL by David Stebbins. (cc via CM/ECF: T. Scott Varady; via U.S. Postal Service: David Stebbins ) (jn) (Entered: 03/31/2011) |
| 03/31/2011 | 43 | | APPEAL NOTICE to Counsel and Pro Se Parties re 42 Notice of Appeal filed by David Stebbins. (jn) (Entered: 03/31/2011) |
| 03/31/2011 | 44 | | NOA SUPPLEMENT FORM re 42 Notice of Appeal filed by David Stebbins. (jn) (Entered: 03/31/2011) |
| 04/06/2011 | 45 | | 8USCA Case Number 11–1753, for 42 Notice of Appeal filed by David Stebbins. (lw) (Entered: 04/06/2011) |
| 04/08/2011 | 46 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 11–1773, in the 8th Circuit Court of Appeals by David Stebbins (Attachments: # 1 USCA Letter)(jn) (Entered: 04/26/2011) |

| | | | |
|---|---|---|---|
| 05/03/2011 | 47 | | MANDATE of 8USCA re: 46 PETITION FOR WRIT OF MANDAMUS filed by David Stebbins (Attachments: # 1 8USCA Corrected Judgment, # 2 8USCA Judgment, # 3 8USCA Cover Letter)(lw) Modified on 5/3/2011 to edit text (lw). (Entered: 05/03/2011) |
| 05/03/2011 | 48 | | MANDATE of 8USCA dismissing 42 Notice of Appeal filed by David Stebbins. (Attachments: # 1 8USCA Judgment, # 2 8USCA Cover Letter)(lw) (Entered: 05/03/2011) |
| 05/10/2011 | 49 | | MOTION for Summary Judgment by David Stebbins. (src) (Entered: 05/10/2011) |
| 05/10/2011 | 50 | | MEMORANDUM BRIEF in Support of 49 MOTION for Summary Judgment by David Stebbins. (src) (Entered: 05/10/2011) |
| 05/19/2011 | 51 | | RESPONSE in Opposition re 49 MOTION for Summary Judgment *Brief in Opposition to Plaintiff's Motion for Summary Judgment* filed by University of Arkansas. (Varady, T.) (Entered: 05/19/2011) |
| 05/19/2011 | 52 | 7 | ORDER granting in part and denying in part 27 Motion to Dismiss. Signed by Honorable Jimm Larry Hendren on May 19, 2011. (tg) (Entered: 05/19/2011) |
| 05/19/2011 | 53 | 16 | ORDER denying 34 Motion ; denying 35 Motion for Default Judgment; denying 40 Motion for Hearing; denying 30 Motion. Signed by Honorable Jimm Larry Hendren on May 19, 2011. (tg) (Entered: 05/19/2011) |
| 05/24/2011 | 54 | | MOTION for Reconsideration by David Stebbins. (lw) (Entered: 05/24/2011) |
| 05/24/2011 | 55 | | MEMORANDUM BRIEF in Support of 54 MOTION for Reconsideration by David Stebbins. (lw) (Entered: 05/24/2011) |
| 05/24/2011 | 56 | | REPLY by David Stebbins re 49 MOTION for Summary Judgment. (lw) (Entered: 05/24/2011) |
| 06/03/2011 | 57 | | ANSWER to 13 Amended Complaint by Office of the Chancellor. (Attachments: # 1 Exhibit A and B)(Varady, T.) Modified on 6/6/2011 (tg). (Entered: 06/03/2011) |
| 06/06/2011 | 58 | 22 | ORDER denying 54 Motion for Reconsideration. Signed by Honorable Jimm Larry Hendren on June 6, 2011. (tg) (Entered: 06/06/2011) |
| 06/07/2011 | 59 | | SUPPLEMENT to 54 Motion for Reconsideration by Plaintiff David Stebbins. (tg) (Entered: 06/07/2011) |
| 06/13/2011 | 60 | | 8USCA Order (Mandate) denying motion to file an Interlocutory Appeal requested by David Stebbins, 8USCA No. 11–8012. (Attachments: # 1 8USCA Judgment)(lw) (Entered: 06/13/2011) |
| 06/29/2011 | 61 | 23 | ORDER denying 49 Motion for Summary Judgment. Signed by Honorable Jimm Larry Hendren on June 29, 2011. (src) (Entered: 06/29/2011) |
| 07/07/2011 | 62 | 25 | NOTICE OF APPEAL as to 58 Order on Motion for Reconsideration by David Stebbins. (cc via CM/ECF: T. Scott Varady, via U.S. Postal Service: David Stebbins ) (Attachments: # 1 Application for IFP, IFP granted 7/12/11)(lw) (Entered: 07/07/2011) |
| 07/07/2011 | 63 | | APPEAL NOTICE to Counsel and Pro Se Parties re 62 Notice of Appeal filed by David Stebbins. (lw) (Entered: 07/07/2011) |

| 07/07/2011 | <u>64</u> | 31 | NOA SUPPLEMENT FORM re <u>62</u> Notice of Appeal filed by David Stebbins. (lw) (Entered: 07/07/2011) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                    PLAINTIFF

            v.            Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                                      DEFENDANTS

### O R D E R

Now on this 19th day of May, 2011, comes on for consideration defendant University of Arkansas' **Motion To Dismiss** (document #27), and from said motion, and the response thereto, the Court finds and orders as follows:

1.    In his Amended Complaint, plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made no attempt to accommodate this disability.

Stebbins also contends that G. David Gearhart ("Gearhart"), in his official capacity as UA Chancellor, violated Stebbins' First Amendment rights by banning him from campus for one year because of an e-mail Stebbins sent Gearhart demanding that he be allowed to re-enroll.

Finally, Stebbins contends that he was subjected to

employment discrimination when UA counsel did not give him a "yes or no" answer his inquiry about whether he would be given equal consideration with every other applicant should he apply for a job at UA while he was barred from campus.

Stebbins prays for the following relief:

* an injunction to expunge all records relating to his academic suspension;

* the cost of attending a private university;

* back and front pay; and

* punitive damages.

2. Defendants moved to dismiss, making the following arguments:

* that the Amended Complaint fails to state facts upon which relief can be granted with regard to the Section 504 claim and the First Amendment claim;

* that Stebbins' claims are barred by the Eleventh Amendment;

* that neither UA nor Gearhart in his official capacity are "persons" within the meaning of **42 U.S.C. § 1983**;

* that no First Amendment liability may be imposed on UA or Gearhart under a theory of *respondeat superior*; and

* that Stebbins' claims for punitive damages are barred by **42 U.S.C. § 1981a(b)(1)**.

3. Stebbins, in response, summarizes the factual

JUL 7 20118

allegations of the Amended Complaint in support of his contention that he has stated a claim for disability discrimination. He argues that his employment discrimination claim is a claim for "retaliation in violation of 42 U.S.C. § 12203(a)," and that he need not prove he was "otherwise qualified" because he is asserting that UA would have discriminated against him "regardless of what job I applied for." He argues that he is not seeking money damages against Gearhart, and that he made a clear distinction between Gearhart and UA, with Gearhart as the only defendant on the First Amendment claim.

4. Before addressing the individual claims, the Court believes it will be helpful to clear up the matter of Gearhart's status in this case. The Amended Complaint alleges "a first amendment violation against G. David Gearhart . . . in his official capacity as Chancellor of the University of Arkansas." The Supreme Court has explained that

> [o]fficial capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity.

**Kentucky v. Graham**, **473 U.S. 159, 165-66 (1985)** (internal citations and quotation marks omitted).

Under this precedent, Stebbins' First Amendment claim against

-3-

Gearhart is, in fact, a First Amendment claim against UA, not against Gearhart as an individual.

5.   Another legal principle that applies to the pending motion is that UA is entitled to Eleventh Amendment immunity. **Okruhlik v. University of Arkansas, 255 F.3d 615, 622 (8th Cir. 2001).**  This immunity applies unless waived or specifically abrogated by Congress.

> Under the terms of the amendment, [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State. . . .   This withdrawal of jurisdiction effectively confers an immunity from suit.  Thus, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State. Absent waiver, neither a State nor agencies acting under its control my be subject to suit in federal court.

**Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993)** (internal citations and quotation marks omitted).

There is a limitation on Eleventh Amendment immunity, stemming from the case of **Ex parte Young, 209 U.S. 123 (----).** The **Young** doctrine

> rests on the premise -- less delicately called a fiction -- that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.  The doctrine is limited to that precise situation, and does not apply when the state is the real, substantial party in interest, as when the judgment sought would expend itself on the public

-4-

treasury or domain, or interfere with public administration.

**Virginia Office for Protection and Advocacy v. Stewart**, **131 S.Ct. 1632, 1638 (2011)** (internal citations and quotation marks omitted).

6.   When the foregoing principles are applied to Stebbins' First Amendment claims, it is clear that they must be dismissed. He seeks no relief that would bring his claims into the **Young** doctrine.

7.   While Stebbins' First Amendment claims are barred by the Eleventh Amendment, his **§ 504** claims are not.   "In the Rehabilitation act Amendments of 1986, 100 Stat. 1845, 42 U.S.C. § 2000d-7, Congress abrogated the States' Eleventh Amendment immunity under . . . § 504 of the Rehabilitation Act of 1973. . . ."   **Franklin v. Gwinnett County Public Schools**, **503 U.S. 60, 72 (1992)**.   The Court turns, therefore, to consideration of whether Stebbins has stated a claim upon which relief can be granted pursuant to **§ 504**.

8.   The standard to be applied on a motion to dismiss for failure to state a claim has been explained by the Supreme Court as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

JUL 7 201111

for the misconduct alleged.  The plausibility standard
is not akin to a probability requirement, but it asks
for more than a sheer possibility that a defendant has
acted unlawfully.  Where a complaint pleads facts that
are merely consistent with a defendant's liability, it
stops short of the line between possibility and
plausibility of entitlement to relief.

\*     \*     \*

. . . The tenet that a court must accept as true all of
the allegations contained in a complaint is
inapplicable to legal conclusions.  Threadbare recitals
of the elements of a cause of action, supported by mere
conclusory statements, do not suffice.

**Ashcroft v. Iqbal**, 129 S.Ct. 1937, 1949 (2009) (internal citations

and quotation marks omitted).

9.  To make out a prima facie claim under **§ 504**, a plaintiff

must show the following:

\*    that he is a person with a disability, as defined by

statute;

\*    that he is otherwise qualified for the benefit in

question;

\*    that he was excluded from the benefit due to

discrimination based upon disability; and

\*    that the program or activity from which he is excluded

receives federal financial assistance.

**Randolph v. Rodgers**, 170 F.3d 850, 858 (8th Cir. 1999).

10.  In the Amended Complaint, Stebbins sufficiently pled

that he was a person with a disability, alleging that he has

Asperger Syndrome, as a result of which he often fails to

-6-

JUL 7 201112

understand the consequences of his words and actions, and becomes angry and violent if not medicated.

Stebbins also sufficiently pled that he was otherwise qualified for the benefit in question -- UA enrollment -- by virtue of his allegation that he was suspended from enrollment there on December 5, 2007, due to aspects of his disability, and that his disability can be reasonably accommodated.

Stebbins sufficiently pled that he was excluded from the benefit due to discrimination based upon disability, by virtue of his allegations about the nature of his disability, and about why he was initially suspended and why he was banned from campus in 2010.

Finally, although the Amended Complaint does not contain any allegation that UA receives federal financial assistance, the Court finds that to be the type of pleading omission that may be legitimately excused from a pro se litigant such as Stebbins.  His pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  **Haines v. Kerner**, **404 U.S. 519, 520 (1972)**.  As explained in **White v. Walsh**, **649 F.2d 560, 561 (8th Cir.1981)**, "a court must read a pro se complaint with great liberality, and . . . is under a duty to examine the complaint to determine if the allegations provide for relief on any possible

-7-

JUL 7 201113

theory."   (Internal quotation marks omitted.)[1]   When so read, Stebbins' Amended Complaint is not subject to dismissal for failure to state a claim under **§ 504.**

11. To make out a prima facie case of failure to hire employment discrimination, a plaintiff must show the following:

\*    that he is a member of a protected class;

\*    that he applied for, and was qualified for, a job for which the employer was seeking applicants;

\*    that, despite his qualifications he was not hired; and

\*    that the position remained open and the employer continued to seek applications from persons with his qualifications.

**Torgerson v. City of Rochester**, **605 F.3d 584, 595 (8th Cir. 2010).**

Even if Stebbins' claim is cast as one for retaliatory failure to hire, as he contends in his brief, he still must show that he actually applied for a job. As the court stated in **Velez v. Janssen Ortho, LLC**, **467 F.3d 802, 807 (1st Cir. 2006)**, "[p]ut most simply, in the absence of a job application, there cannot be a failure-to-hire."

The Amended Complaint is clearly insufficient as to the employment discrimination claim. Stebbins does not allege that he applied for a job, but rather that he inquired of UA counsel

---

[1] This is not to say, however, that a failure to prove this element would be excused. Any plaintiff, pro se or represented, must prove all the essential elements of his claim to prevail.

JUL 7 201114

whether he would be considered if he did apply.  This allegation will not allow the Court to draw the reasonable inference that UA is liable for employment discrimination, and the employment discrimination claim is, therefore, subject to dismissal.

12.  Because Stebbins' employment discrimination claim is subject to dismissal, the Court need not consider whether he can receive punitive damages on that claim.

**IT IS THEREFORE ORDERED** that defendant University of Arkansas' **Motion To Dismiss** (document #27) is **granted in part and denied in part.**

The motion is **denied** insofar as it seeks dismissal of Stebbins' claim that defendants violated his rights under **§ 504** of the **Rehabilitation Act of 1973.**

The motion is **granted** in all other respects, and all other claims asserted by Stebbins are hereby **dismissed.**

**IT IS SO ORDERED.**

   /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**

-9-

JUL 7 201115

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                           PLAINTIFF

            v.              Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                            DEFENDANTS

                        <u>O R D E R</u>

     Now on this 19th day of May, 2011, come on for consideration
the following:

     *    plaintiff's **Motion To Confirm Arbitration Award**
(document #30);

     *    plaintiff's **Motion For ECF and PACER Account** (document
#34);

     *    plaintiff's **Motion For Default Judgment** (document #35);
and

     *    plaintiff's **Motion For In-Person Hearing** (document #40)
and from said motions, the Court finds and orders as follows:

     1.   In his Amended Complaint, plaintiff David Stebbins
("Stebbins") contends that the University of Arkansas ("UA")
discriminated against him, in violation of Section 504 of the
Rehabilitation Act of 1973, by failing in 2010 to allow him to re-
enroll as a student after he was banned from campus in 2007.
Stebbins contends that he has Asperger Syndrome, and that UA made

no attempt to accommodate this disability.

Stebbins also contends that G. David Gearhart ("Gearhart"), in his official capacity as UA Chancellor, violated Stebbins' First Amendment rights by banning him from campus for one year because of an e-mail Stebbins sent Gearhart demanding that he be allowed to re-enroll.

Finally, Stebbins contends that he was subjected to employment discrimination when UA counsel did not give him a "yes or no" answer his inquiry about whether he would be given equal consideration with every other applicant should he apply for a job at UA while he was barred from campus.

2.   By separate Order entered this date, the Court has granted defendants' Motion To Dismiss as to all of these claims except Stebbins' claim for relief under **§ 504**.  While the Motion To Dismiss was pending, Stebbins filed the motions now under consideration.  Before the Court could act upon them, he filed a Notice Of Appeal, which deprived this Court of jurisdiction.  The Mandate has now issued on this appeal, jurisdiction has returned to this Court, and the Court takes up the pending motions.

3.   Defendants have not responded to any of the motions now under consideration, except to state that they will respond if need be, after their potentially-dispositive Motion To Dismiss is ruled on.  The Court sees no need for a response to any of these motions, however, as all are patently without merit.

JUL 7 201117

4.   The Motion To Confirm Arbitration Award relies on the novel proposition that one party can force a contract on another by sending an offer to contract, and stating therein that conduct entirely unrelated to a showing of agreement to be bound will constitute acceptance.   The "Acceptance methods" specified in Stebbins' offer are as follows:

> You accept this contract if you, or your employees and/or affiliates...
> 1.   Instigate communications with me, in any way, unless you are legally required to communicate with me.
> A)  This will also apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire, and the fact is admitted by default).
> 2.  Allowing me to communicate with you for any reason that you are not legally required to entertain me on.
> A)  This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with you for.
> 3.  Seeing me on your property and not asking me to leave, immediately.

If Stebbins were correct in his assertions, a contract would be formed in a University employee said "hello" to Stebbins in the grocery store.  This, of course, is not how contracts are formed, even on the internet.  Formation of a contract requires "objective manifestations of mutual assent."  **Johnston v. Curtis**, **70 Ark. App. 195, 200, 16 S.W.3d 283, 286 (Ark.App. 2000).**  "Objective" manifestations are "based on externally verifiable phenomena, as opposed to an individual's perceptions, feelings, or intentions."

JUL 7 201118

**Black's Law Dictionary**, **9th Ed.**

Stebbins' cited authorities in no way support his contention. In **Davidson & Associates v. Jung**, **422 F.3d 630 (8th Cir. 2005);** **Feldman v. Google, Inc.**, **513 F.Supp.2d 229 (E.D. Pa. 2007);** **Bragg v. Linden Research, Inc.**, **487 F.Supp.2d 593 (E.D. Pa. 2007);** and **i.Lan Systems, Inc. v. Netscout Service Level Corp.**, **183 F.Supp.2d 328 (D. Mass. 2002),** the plaintiffs all indicated intent to be bound to a contract on the internet by clicking a box which specifically indicated assent to the terms of the contract.

In **Hubbert v. Dell Corp.**, **359 Ill.App.3d 976, 835 N.E.2d 113 (Ill.App. 5 Dist. 2005),** plaintiffs bought computers over the internet, subject to the seller's terms and conditions of sale, which were available to them before purchase, and which they agreed constituted a binding contract.

**C & L Enterprises, Inc. v. Citizen Band Potawatomi Tribe of Oklahoma**, **532 U.S. 411 (2001);** **Buckeye Check Cashing, Inc. v. Cardegna**, **546 U.S. 440 (2006);** and **Thurman v. Thurman**, **50 Ark.App. 93, 900 S.W.2d 221 (Ark.App. 1995)** all involved written contracts. Stebbin' remaining citations are to unreported cases from District Courts outside the Eighth Circuit, and have so little precedential value that the Court need not waste valuable judicial resources reviewing them.

None of these authorities even remotely suggests that a

JUL 7 201119

contract can be formed in the manner here suggested by Stebbins. Because the Motion To Confirm Arbitration Award is without merit on its face, it will be denied.

5.   In his Motion For Default Judgment, Stebbins contends that because defendants did not respond to his Motion To Confirm Arbitration Award in a timely fashion, he is entitled to an order confirming "the arbitration award."  He suggests that **F.R.C.P. 55(a)** would justify such confirmation, but defendants -- having moved to dismiss -- cannot be said to have failed to "otherwise defend" in this case.  He suggests that **F.R.C.P. 8(b)(6)** would justify it, but that provision only applies to the effect of failing to deny an allegation in a pleading, and motions are not pleadings.  **F.R.C.P. 7(a)**.

Finally Stebbins also suggests that silence constitutes agreement under the Latin maxim *qui tacet consentire videtur*. This argument is without force, because, while such maxims may be persuasive in an evidentiary context, they cannot be used to supplant the **Federal Rules of Civil Procedure.**

In addition, the Court notes that Stebbins has not shown the existence of any arbitration award.  As set out above, he has not even proven the existence of any agreement to arbitrate, much less that an arbitration took place and resulted in an award.  The Motion For Default Judgment is without merit, and will be denied.

6.   Stebbins also asks the Court, in his Motion For ECF and

-5-

PACER Account, to allow him to electronically file his submissions in this case.  The Court does not permit pro se litigants to file documents electronically.  See **Section IV.C.** of the Court's **CM/ECF Administrative Policies And Procedures Manual For Civil Filings,** attached to **General Order 36.**  This motion will be denied.

    7.    Finally, Stebbins asks for a hearing on the motions herein addressed, as well as UA's Motion To Dismiss.  The Court sees no purpose to be served in conducting such a hearing, as the motions are fully addressed in the briefing.  This motion will be denied.

    **IT IS THEREFORE ORDERED** that plaintiff's **Motion To Confirm Arbitration Award** (document #30) is **denied.**

    **IT IS FURTHER ORDERED** that plaintiff's **Motion For ECF and PACER Account** (document #34) is **denied.**

    **IT IS FURTHER ORDERED** that plaintiff's **Motion For Default Judgment** (document #35) is **denied.**

    **IT IS FURTHER ORDERED** that plaintiff's **Motion For In-Person Hearing** (document #40) is **denied.**

    **IT IS SO ORDERED.**

                **/s/ Jimm Larry Hendren**
                **JIMM LARRY HENDREN**
                **UNITED STATES DISTRICT JUDGE**

JUL 7 201121

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                      PLAINTIFF

          v.          Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                        DEFENDANTS

<u>O R D E R</u>

Now on this 6th day of June, 2011, comes on for consideration plaintiff's **Motion For Reconsideration** (document #54), and the Court, being well and sufficiently advised, finds that said motion should be, and same hereby is, **denied.**

IT IS SO ORDERED.

  /s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

JUL 7 201122

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                              PLAINTIFF

          v.              Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                               DEFENDANTS

<u>O R D E R</u>

Now on this 29th day of June, 2011, comes on for consideration plaintiff's **Motion For Summary Judgment** (document #49), and from said motion, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff David Stebbins ("Stebbins") asks the Court to grant summary judgment confirming a putative arbitration award as to which the Court has already ruled as follows:

> . . . Stebbins has not shown the existence of any arbitration award. . . . [H]e has not even proven the existence of any agreement to arbitrate, much less that an arbitration took place and resulted in an award.

Order dated May 19, 2011.

2.   The Motion For Summary Judgment is supported by no evidence whatsoever, leaving the Court without any basis for altering its previous decision.  The motion will, therefore, be denied.

    **IT IS THEREFORE ORDERED** that plaintiff's **Motion For Summary**

**Judgment** (document #49) is **denied.**

      **IT IS SO ORDERED.**

                                                 **/s/ Jimm Larry Hendren**
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**

JUL 7 201124

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 0 7 2011

CHRIS R. JOHNSON, CLERK

BY ___

DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**DAVID A. STEBBINS**                                         **PLAINTIFF**

**vs.**                                    **Civ. No. 10-5125**

**UNIVERSITY OF ARKANSAS & GEORGE GEARHART**             **DEFENDANTS**

## NOTICE OF APPEAL

Comes now Appellant David Stebbins, who hereby submits the following notice of appeal.

Per my rights under 9 U.S.C. § 16(a)(1)(D), I intend to appeal the District Court order denying

confirmation of an arbitration award, and denying the subsequent motion for reconsideration.

The motion for reconsideration was denied on June 6, 2011. This notice is being filed on July 5,

2011, so the appeal is still timely.  It is barely timely, but it is timely nonetheless.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my notice of appeal
was served on T. Scott Varady, attorney for the Defense, by faxing a copy to him on the 5th day of July,
2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

**U.S. COURT OF APPEALS – EIGHTH CIRCUIT**

## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case)

 United States District Court - Western District of Arkansas - Fayetteville Division

 Civil Case no.5:10CV5125; David Stebbins v. University of Arkansas, et al

|  |  |  |
|---|---|---|
| Financial Status: Fee Paid? | Yes __ | No _X_ |
| If NO, has IFP been granted? | Yes _X_ | No ___ |
| Is there a pending motion for IFP? | Yes ___ | No _X_ |
| Are there any other post - judgment motions? | Yes __ | No _X_ |

Please identify the court reporter.

If no court reporter, please check  _X_

Name  _____

Address  _____

_____  Telephone Number _____

**Criminal cases only:**

Is the defendant incarcerated?  Yes _____  No _____

Please list all other defendants in this case, if there were multiple defendants.

_____

**Special Comments**: _____