# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2465

_____

| | |
|---|---|
| **David Stebbins** ) <br> **Appellant** ) <br> ) <br> v. ) <br> ) <br> **University of Arkansas & G. Dave Gearhart,** ) <br> **in his official capacity as Chancellor of the** ) <br> **University of Arkansas** ) <br> **Appellees** ) | **On Appeal from the United States** <br> **District Court for the Western** <br> **District of Arkansas** |

## BRIEFING

Comes now *pro se* Appellant David Stebbins, who respectfully submits the following supplement to my briefing in support of my appeal.

## TABLE OF CONTENTS

1. Table of Contents — 1
2. Table of Authorities — 2
3. Jurisdictional Statement — 3
    1. District Court Jurisdiction — 3
    2. Appellate Court Jurisdiction — 3
    3. Timeliness — 3
    4. Finality of judgment — 3
4. Statement of Issues — 5
5. Statement of Case — 6
6. Summary of Argument — 8
7. Argument — 9
8. Standard of Review — 14
9. Conclusion — 14

# TABLE OF AUTHORITIES

Per FRAP Rule 28(a)(3), I respectfully submit the following table of legal authorities to be used in this brief:

## Statutes

| | |
|---|---|
| 9 U.S.C. § 4 | 10 |
| 9 U.S.C. § 6 | 9 |
| 9 U.S.C. § 9 | 9 |
| 9 U.S.C. § 10 | 9 |
| 9 U.S.C. § 10(a)(4) | 13 |
| 9 U.S.C. § 11(c) | 12 |
| 9 U.S.C. § 12 | 10 |
| 9 U.S.C. § 16(a) | 4 |
| 9 U.S.C. § 16(a)(1)(D) | 3 |
| 29 U.S.C. § 794 | 3 |
| 42 U.S.C. § 1983 | 3 |

## Case Law

| | |
|---|---|
| *Boise Cascade Corp., v. Paper-Allied Indus. Chem. & Energy Workers (PACE)*, 309 F.3d 1075, 1080 (8th Cir. 2002) | 14 |
| *Cicle v. Chase Bank USA*, 583 F.3d 549, 553 (8th Cir. 2009) | 4 |
| *Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720, 728 (8th Cir. 2001) | 3 |
| *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) | 9 |
| *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. ___ (2010) | 11 |
| *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967) | 11 |
| *Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc.*, 241 F.3d 972, 975 (8th Cir. 2001) | 10 |
| *Southland Corp. v. Keating*, 465 U.S. 1 (1984) | 3 |

# JURISDICTIONAL STATEMENT

Per FRAP Rule 28(a)(4), I respectfully submit the following jurisdiction statement.

## District Court Jurisdiction

The District Court had jurisdiction to confirm this award because it concerned a First Amendment violation, per 42 U.S.C. § 1983, as well as a charge of disability discrimination in violation of 29 U.S.C. § 794.

## Court Jurisdiction

Assuming the District Court has jurisdiction to confirm the award, then this Court has jurisdiction to hear an appeal denying confirmation thereof pursuant to 9 U.S.C. § 16(a)(1)(D).

## Timeliness

This appeal is timely. The District Court denied my motion for reconsideration on June 6, 2011. I received the order on June 7, 2011. The District Court received my motion for reconsideration on July 7, 2011. Therefore, the appeal is timely; it is barely timely, but timely nonetheless.

## Finality of Judgment

I do not require a final judgment when I appeal a District Court order denying confirmation of an arbitration award. An appeal of a District Court order denying confirmation of an arbitration award is an exception to the Final Judgment Rule. See *Southland Corp. v. Keating*, 465 U.S. 1 (1984), where the United States Supreme Court held in pertinent part that "[t]o delay review of a... judicial decision denying enforcement of a contract to arbitrate until the... litigation has run its course would defeat the core purpose of the contract."

Furthermore, the strong federal policy favoring arbitration outweighs any judicial interest in avoiding piecemeal litigation. See *Dominium Austin Partners, LLC v. Emerson*, 248 F.3d 720,

728 (8th Cir. 2001).

Furthermore, see the case of *Cicle v. Chase Bank USA*, 583 F.3d 549, 553 (8th Cir. 2009), another interlocutory appeal also taken under 9 U.S.C. § 16(a). Aside from my in forma pauperis status, there were no significant procedural differences between that case and this one, and yet, this court still accepted jurisdiction and heard the appeal on the merits.

I hope that this convinces you that this court has jurisdiction to hear this appeal.

## STATEMENT OF ISSUES

1. Can a District Court of competent jurisdiction deny confirmation of an arbitration award without the award first being vacated?

2. Can a District Court deny confirmation of an arbitration award without a motion to vacate or modify being present?

3. Must the arbitrator decide whether or not Appellees' actions were legally sufficient to signify acceptance to this particular contract?

4. Were Appellees' actions legally sufficient to signify acceptance to a contract?

5. Does there have to be a physical, written arbitration award, signed by an arbitrator, under the Federal Arbitration Act?

## STATEMENT OF CASE

1. On February 15, 2011, the District Court received my motion to confirm the arbitration award. This award was obtained on February 5, 2011, not via an actual arbitration hearing, but via a "forfeit victory clause" in the contract that stated that, if Appellees did not accept my invitation to arbitrate within 24 hours of receiving it, I automatically win the relief requested, without having to go to arbitration, and without the arbitrator having to be any the wiser.

2. On May 5, 2011, I filed a motion for summary judgment against the Defendants on the issue of arbitration, arguing that they have not yet opposed the arbitration,, and thus have lost their opportunity to do so.

3. On May 19, 2011, the District Court sua sponte denied my motion to confirm the arbitration award, without first vacating it.

4. On May 24, 2011, the District Court received my motion for reconsideration.

5. On June 6, 2011, the District Court denied my motion for reconsideration without explanation.

6. On June 7, 2011, the District Court received my supplement to my motion for reconsideration, arguing that the arbitrator – not the Court – must decide the validity of the contract in its entirety, which is what the Court did. The court received this motion the day after it filed the order denying my motion for reconsideration, but only because I do not have ECF access in the Western District of Arkansas; if I had ECF access, the District Court would have received this supplement the day *before* the order was entered.

7. On June 29, 2011, the District Court still denied the motion for summary judgment. This time, however, the supplement to my motion for reconsideration was on the docket when

the court issued its decision, so the Court knew about the *Prima Paint* case, this time, so by not applying it, he manifestly disregarded it.

8. On July 7, 2011, the District Court received my notice of appeal, thus leading to this case.

## SUMMARY OF ARGUMENT

1. The District Court should not have denied confirmation of the arbitration award without the award first being vacated or modified.

2. Assuming the District Court implicitly vacated the award, he should not have done so because there was no motion to vacate the award being present.

3. The District Court overstepped its jurisdiction by deciding the validity of the contract in its entirety, which should rightfully belong to the arbitrator.

4. Appellee's actions were legally sufficient to establish acceptance to a contract because their physical likeness was inside my apartment.

5. The Federal Arbitration Act does not require a physical arbitration award before an award can be confirmed; as long as the movant can demonstrate without ambiguity what relief he is to be entitled to, it should hold.

6. A forfeit victory clause is merely a modification of arbitration procedure, and thus should be upheld just like any other contractual agreement to modify the procedure for arbitration.

# ARGUMENT

The District Court denied confirmation of the arbitration award, without it first being vacated, and without there being a *motion* to vacate filed by Appellees. The court should not have the option of doing this. 9 U.S.C. § 9 states that the court absolutely *must* confirm an award unless it is first vacated or modified as prescribed by 9 U.S.C. §§ 10 and 11. There is nothing malleable about "must grant," and § 9 carries no hint of flexibility in this regard. See *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

When § 9 requires courts to confirm arbitration awards unless vacated or modified "as prescribed" by §§ 10 and 11, the words "as prescribed" clearly mean that not only the grounds for vacation and modification themselves, but also the procedure for doing so cannot be expanded in any way, shape, or form. 9 U.S.C. § 10 does not provide for any type of sua sponte vacation. In fact, it clearly states that a court may do so "upon application of any party to the arbitration."

Granted, it does not say "only upon application of any party;" I will give you that. But at the same time, it does not say "on its own motion or upon application of any party." The statute, and only the statute, could be read either way; however, *Hall Street* has unequivocally forbidden lower courts from expanding the text in any way, thus compelling a reading that "upon application of any party" is exclusive.

9 U.S.C. § 6 states that all applications made under Title 9 of the U.S. Code must be made by motion. Therefore, an arbitration award can only be vacated "upon *motion* of an any party to the arbitration."

The text of 9 U.S.C. § 9, coupled with the *Hall Street* precedent, shows that, absent a motion to vacate or a motion to modify the award, confirmation of the award must be completely

ministerial and completely non-discretionary. In fact, absent a motion to vacate or modify, confirmation of the award should be so ministerial that it could literally be accomplished over the Internet, using a completely computer-automated system. If the adverse party does not want the arbitration award confirmed, they can file a motion to vacate or modify it, simple as that. Then, and *only* then, would the judge have any discretion at all, whatsoever, period. Until then, however, a judge's granting of a motion to confirm an arbitration award should be just as ministerial as the clerk's docking of that same motion.

Of course, you need look no further than elsewhere in the FAA for a direct juxtaposition proving a lack of the court's jurisdiction in this case. See 9 U.S.C. § 4, where it says the following:

> "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."

In *Hall Street*, the Supreme Court held that "if no method be provided" is a far cry from "must grant unless." Well, "upon being satisfied" is one of the farthest cries imaginable from "must grant unless." In fact, you will be hard pressed to find a greater example of two legal opposites.

Also, see the case of *Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc.*, 241 F.3d 972, 975 (8th Cir. 2001), where this court held in pertinent that "An [opponent to arbitration] cannot assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate."

Just on this issue alone, the District Court's order should be reversed and remanded. If Appellees choose to file a motion to vacate the award, whether or not they will be time-barred from bringing that claim under 9 U.S.C. § 12 will be, as far as the Eighth Circuit is concerned, a

different story for a different day.

In the event that the above argument fails, I present the following argument which should also cause the District Court order to be reversed and remanded, all by itself:

An arbitrator must decide the validity of a contract as a whole, unless the arbitration clause itself is being challenged, even in cases where the contract was allegedly fraudulently induced. See *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967).

The Supreme Court clarified the precedent in the case of *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. ___ (2010), where they held that "where the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract—we nonetheless require the basis of challenge to be directed specifically to the agreement to arbitrate before the court will intervene."

As unfair and counter intuitive as this precedent might seem, there is one plausible explanation for such a seemingly bass-ackwards ruling: That the *Prima Paint* precedent was not designed to be an exception to the law that a party cannot be forced to arbitrate unless he or she has agreed to do so; no, instead, it was designed to prevent trial court orders from having the disparate impact of ruling on additional provisions of a contract which rightfully should belong to an arbitrator, and if that just happens to ultimately cause a party to be forced to arbitrate, despite it not yet being proven that he has agreed to do so, then that is merely the lesser of two evils.

That is the only way that the *Prima Paint* case can make even a little sense.

In the instant case, the contract in question contained other provisions, besides merely the arbitration agreement. The District Court held that the specified acceptance method (which I will get to in a minute) is insufficient to establish acceptance to a contract, as a matter of law. In

doing so, he not only held that the arbitration agreement was never lawfully accepted, but neither were the other provisions of the contract, as well.  Therefore, the logic employed in *Prima Paint* applies, here, thus stripping the District Court of jurisdiction of that particular subject matter.

Assuming that this argument fails, the District Court still erred in ruling that the contract was never validly accepted.  The contract stated that Appellees accept the contract if they communicate with me in any way.  In the instant case, they talked to me over the phone, thus causing their physical likeness to trespass into my apartment.  As such, I have the inalienable right to place terms and conditions on my allowing their physical likeness to enter.  They do not have to actively agree to these terms and conditions; simply entering is alone sufficient to constitute implied acceptance.

Granted, I invited the voice to enter the apartment, but that should not matter.  By that logic, if I receive an email inviting me to go to a website, I should be exempt from that website's terms of service, which I allegedly agreed to by using the website.  Granted, there are a variety of reasons why a website's terms of service would not be enforced as a valid contract, but invitation is not one of them.

Therefore, Appellee's actions were sufficient to signify acceptance to a contract, provided that they were educated beforehand that said actions *would* signify acceptance.

The District Court also expressed concern with the lack of an actual arbitration award.  Whereas § 8 of the Uniform Arbitration Act requires an arbitration award to "be in writing and signed by the arbitrators joining in the award," the FAA has no such requirement.  To assume such a requirement would violate the *Hall Street* precedent.

The closest one could come to finding a legal authority to this effect would be 9 U.S.C. § 11(c), which allows for modification when the award is imperfect in form.  However, this fails

for two reasons:

1. The imperfection of form cannot affect the merits of the award, and

2. 9 U.S.C. § 11(c) only allows for *modification* of an arbitration award. It cannot be used to nullify the award in its entirety.

9 U.S.C. § 10(a)(4) does not apply, either. Even assuming that the arbitrator imperfectly executed his powers, that is only half of the equation when moving to vacate on those grounds. The other half is that a mutual, final, and definite award was not reached. There is no ambiguity in the relief that I sought, and as a direct result, 9 U.S.C. § 10(a)(4) is inapplicable.

Furthermore, the Supreme Court has unequivocally stated that parties to arbitration may contractually amend the procedure for said arbitration. See *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

> "Hall Street is certainly right that the FAA lets parties tailor some, even many features of arbitration by contract, including the way arbitrators are chosen, what their qualifications should be, which issues are arbitrable, **along with procedure** and choice of substantive law."

Last but not least, think of it this way: There is no reason *not* to allow it, is there? Honestly, what right of the University of Arkansas' could possibly be prejudiced by streamlining arbitration even further, to the point where even the filing fees do not have to be paid? I can tell you right now, that the main reason I inserted the forfeit victory clause is to lessen the costs of arbitration even further than what they already are. What would you *not* want to get behind that?

For all of these reasons, the District Court order should be reversed and remanded.

## STANDARD OF REVIEW

The District Court's order denying confirmation of an arbitration award should be reviewed de novo because they are based off the following conclusions of law:

1. The District Court possesses sua sponte jurisdiction to deny confirmation of an arbitration award.

2. There must be a physical arbitration award in order for an award to be confirmed, and

3. Appellee's actions were insufficient to signify acceptance to a contract as a matter of law.

As all of these findings were of law, not of fact, they should be reviewed de novo. See *Boise Cascade Corp., v. Paper-Allied Indus. Chem. & Energy Workers (PACE)*, 309 F.3d 1075, 1080 (8th Cir. 2002).

## CONCLUSION

Wherefore, premises considered, I respectfully pray that the case be reversed and remanded to the District Court with instructions to enforce the arbitration award unless a valid motion to vacate or modify the award is filed by Appellees. It is so requested on this 10th day of July, 2011

>  /s/ David Stebbins
> David Stebbins
> 1407 N Spring Rd,
> APT #5
> Harrison, AR 72601
> 870-204-6024
> stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2465

_____

| | |
|---|---|
| **David Stebbins** ) | |
|     **Appellant** ) | |
| ) | |
| **v.** ) | **On Appeal from the United States** |
| ) | **District Court for the Western** |
| **University of Arkansas & G. Dave Gearhart,** ) | **District of Arkansas** |
| **in his official capacity as Chancellor of the** ) | |
| **University of Arkansas** ) | |
|     **Appellees** ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of my Appellant Brief was served on Appellees by allowing them to view the notice of docket activity on ECF, pursuant to 8th Circuit Rule 25B, on the 10th day of July, 2011.

/s/ David Stebbins  
David Stebbins  
1407 N Spring Rd,  
APT #5  
Harrison, AR 72601  
870-204-6024  
stebbinsd@yahoo.com
