# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 11-2465

---

| | |
|---|---|
| **David Stebbins** ) | |
|     Appellant ) | |
| ) | |
| v. ) | On Appeal from the United States |
| ) | District Court for the Western |
| **University of Arkansas & G. Dave Gearhart,** ) | District of Arkansas |
| **in his official capacity as Chancellor of the** ) | |
| **University of Arkansas** ) | |
|     Appellees ) | |

## SUPPLEMENT TO BRIEFING

    Comes now *pro se* Appellant David Stebbins, who respectfully submits the following supplement to my briefing in support of my appeal.

    In my original briefing, I raised the argument, first and foremost, that the District Court cannot deny a motion to confirm an arbitration award unless a motion to vacate or modify the award is present. In this supplement, I wish to provide an additional argument in favor of this issue. Although this specific argument is being raised for the first time on appeal, I hope that you will still consider it as it is merely an argument in support of an existing issue that is not being raised for the first time on appeal.

    9 U.S.C. § 9 states that a court unequivocally *must* grant a motion to confirm an arbitration award *unless* it is vacated or modified as prescribed by §§ 10 and 11. Furthermore, the party attempting to overturn an award, not the party attempting to sustain it, bears the burden of proof. See *Hart v. McChristian*, 344 Ark. 656, 42 S.W.3d 552 (2001).

    These two laws clearly imply that vacation of an arbitration award is supposed to be an

affirmative defense to the confirmation of an arbitration award, rather than an element of an arbitration award's prima facie case.

"[A] party must affirmatively state any avoidance or affirmative defense," (see Fed. R. Civ. P. Rule 8(c)(1)), otherwise the defense is deemed waived. Only a few defenses are not waivable and can be raised sua sponte by the court, usually involving the court's jurisdiction.

However, a person attempting to overturn an arbitration award must do so within three months after the award is obtained by the other party. Meanwhile, the party attempting to sustain an award has an entire year to do so. This clearly shows that Congress intended for vacation of an arbitration award to be a waivable affirmative defense.

A non-jurisdictional affirmative defense must be *affirmatively* stated by the proponent of the defense, otherwise it cannot be used. Upon a non-jurisdictional affirmative defense being waived, a court is not at liberty to disregard that waiver. See *Day v. McDonough*, 547 U.S. 198, 205, 209, 211 n.11 (2006).

In this case, Appellees raised the defense of the non-existence of an arbitration agreement, but only in a response in opposition to my motion to confirm the arbitration award, and an otherwise untimely one at that. This is insufficient, as 9 U.S.C. § 6 unequivocally states in plain and concise language that all applications made pursuant to the Federal Arbitration Act must be made by *motion*. "An [opponent to arbitration] may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate." See *Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc.*, 241 F.3d 972, 975 (8th Cir. 2001).

Therefore, because the Appellees' affirmative defense was improperly raised, it should not have been considered.

Besides, based on the District Court's opinion, he clearly would have denied it anyway.

Again, he is not supposed to do that. A waivable affirmative defense cannot be asserted sua sponte, plain and simple.

Wherefore, premises considered, I respectfully pray that the District Court's order denying confirmation of the arbitration award be reversed and remanded with instructions to enforce the award as the law actually requires.

It is so requested on the first day of August, 2011.

/s/ David Stebbins  
David Stebbins  
1407 N Spring Rd,  
APT #5  
Harrison, AR 72601  
870-204-6024  
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2465
_____

| | |
|---|---|
| **David Stebbins** ) | |
|     **Appellant** ) | |
| ) | |
| v. ) | **On Appeal from the United States** |
| ) | **District Court for the Western** |
| **University of Arkansas & G. Dave Gearhart,** ) | **District of Arkansas** |
| **in his official capacity as Chancellor of the** ) | |
| **University of Arkansas** ) | |
|     **Appellees** ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of my Appellant Brief was served on Appellees by allowing them to view the notice of docket activity on ECF, pursuant to 8th Circuit Rule 25B, on the 1st day of August, 2011.

                                                                               /s/ David Stebbins  
                                                                                  David Stebbins  
                                                                            1407 N Spring Rd,  
                                                                                    APT #5  
                                                                       Harrison, AR 72601  
                                                                         870-204-6024  
                                                                 stebbinsd@yahoo.com