<u>NO. 11-2465</u>

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**DAVID STEBBINS**                                                            **APPELLANT**

**v.**

**UNIVERSITY OF ARKANSAS**
**and G. DAVID GEARHART, in**
**his official capacity as Chancellor**
**of the University of Arkansas, Fayetteville**                 **APPELLEES**

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

THE HONORABLE UNITED STATES DISTRICT JUDGE
JIMM L. HENDREN

**APPELLEES' BRIEF**

T. SCOTT VARADY
Associate General Counsel
Arkansas Bar No. 93172
E-mail: svarady@uark.edu
WILLIAM R. KINCAID
Associate General Counsel
Ark. Bar No. 93125
E-mail: wkincaid@uark.edu
TAMLA J. LEWIS
Associate General Counsel
Ark. Bar No. 2005237
E-mail: tjlewis@uark.edu
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401

JEFFREY A. BELL
Senior Associate General Counsel
Arkansas Bar No. 77009
University of Arkansas
2404 N. University Avenue
Little Rock, AR  72207
(501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR APPELLEES

<u>NO. 11-2465</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

**DAVID STEBBINS**                                             **APPELLANT**

**v.**

**UNIVERSITY OF ARKANSAS
and G. DAVID GEARHART, in
his official capacity as Chancellor
of the University of Arkansas, Fayetteville**        **APPELLEES**

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

THE HONORABLE UNITED STATES DISTRICT JUDGE
JIMM L. HENDREN

**APPELLEES' BRIEF**

## SUMMARY OF THE CASE

On May 19, 2011, the Honorable Jimm L. Hendren of the United States District Court for the Western District of Arkansas entered an Order denying Appellant David Stebbins's Motion to Confirm Arbitration Award, and subsequently entered another Order denying Stebbins's Motion for Reconsideration on June 6, 2011. In his Amended Complaint, Stebbins makes no allegations: (1) that the University of Arkansas or Chancellor G. David Gearhart entered into any arbitration agreement; (2) that the parties ever engaged in any arbitration; or (3) that an arbitration award was granted in favor of Stebbins. In its May 19 Order, the District Court concluded: (1) that no arbitration agreement existed between the parties; and (2) that Stebbins failed to show that any arbitration ever occurred or resulted in an award.

The District Court's adverse rulings on these motions prompted Stebbins to file an untimely Notice of Appeal in this case. In a separate Order entered on May 19, 2011, the District Court dismissed all but one claim in Stebbins's Amended Complaint. The sole surviving claim concerns a contention that the University violated Section 504 of the Rehabilitation Act in response to a threatening and expletive filled email Stebbins sent to Chancellor Gearhart. Appellees believe that this appeal may be decided on the briefs, but Appellees stand ready to participate in oral arguments if the Court determines a hearing would be beneficial.

i

## CORPORATE DISCLOSURE STATEMENT

1.      Pursuant to Fed. R. App. P. 26.1, Appellees include the University of Arkansas and the Office of the Chancellor of the University of Arkansas, Fayetteville.

2.      The University is a public institution of higher education, and Dr. G. David Gearhart serves as Chancellor of the University of Arkansas, Fayetteville. As such, Appellees are not "nongovernmental corporate parties."

3.      Accordingly, there are no parent corporations or publicly traded companies that must be disclosed in accordance with Fed. R. App. P. 26.1.

Appellate Case: 11-2465    Page: 4    Date Filed: 08/17/2011 Entry ID: 3819283

# TABLE OF CONTENTS

**Page No**.

SUMMARY OF THE CASE ..................................................................i

CORPORATE DISCLOSURE STATEMENT ...................................... ii

TABLE OF CONTENTS ........................................................... iii

TABLE OF AUTHORITIES ...........................................................v

JURISDICTIONAL STATEMENT ...................................... vii

STATEMENT OF THE ISSUES..........................................................ix

STATEMENT OF THE CASE ...........................................................1

STATEMENT OF THE FACTS ........................................................2

    A.   Procedural Background .......................................................2

    B.   Summary of Allegations in the Amended Complaint.............................4

    C.   Stebbins's Motion to Confirm Arbitration Award and Related Pleadings ......................................................6

    D.   The District Court's Orders ...............................................7

SUMMARY OF THE ARGUMENT ...................................................9

ARGUMENT ..........................................................................10

    I.   STANDARD OF REVIEW.............................................10

    II.   THE DISTRICT COURT'S ORDERS DENYING THE MOTION TO CONFIRM ARBITRATION AWARD AND DENYING THE MOTION FOR RECONSIDERATION SHOULD BE AFFIRMED ...10

        A.   No Arbitration Agreement, Whether Written or Otherwise, Ever Existed Between Stebbins and the University and

Appellate Case: 11-2465   Page: 5   Date Filed: 08/17/2011 Entry ID: 3819283

Chancellor Gearhart, the Parties Never Engaged in Arbitration, And No Arbitration Award Was Ever Granted in Favor of Appellant David Stebbins ...........................................................10

    1.    Appellees Did Not Accept or Agree to Stebbins's Arbitration "Contract," and No Arbitration Award Exists ......................12

    2.    Stebbins's Vacation Argument Is Without Merit .................19

    3.    As a Matter of Law, the District Court Was Required to Determine Whether a Valid Arbitration Agreement Existed ................................................................20

III.    THE ELEVENTH AMENDMENT INDEPENDENTLY BARS ACTIONS UNDER THE FEDERAL ARBITRATION ACT ........21

IV.    CONCLUSION.................................................................................22

CERTIFICATE OF COMPLIANCE........................................................24

CERTIFICATE OF SERVICE ................................................................25

Appellate Case: 11-2465    Page: 6    Date Filed: 08/17/2011 Entry ID: 3819283

# TABLE OF AUTHORITIES

## CASES

Page

*Alden V. Maine,*
527 U.S. 706 (1999) ................................................21

*Assaad-Faltas v. UAMS,*
708 F. Supp. 1026 (E.D. Ark. 1989), *aff'd,* 902 F.2d 1572 (8th Cir.),
*cert. denied,* 498 U.S. 905 (1990) ................................................21

*AT&T Tech., Inc. v. Communication Workers,*
475 U.S. 643 (1986) ................................................20

*Cerveceria Cuauhtemoc Moctezuma v. Montana Beverage Co.,*
330 F.3d 284 (5th Cir. 2003) ................................................ viii

*College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,*
527 U.S. 666 (1999) ................................................21

*Daisy Mfg. Co., Inc. v. NCR Corp.,*
29 F.3d 389 (8th Cir. 1994) ................................................19

*Donaldson Co., Inc. v. Burroughs Diesel, Inc.,*
581 F.3d 726 (8th Cir. 2009) ................................................11

*Florida Dep't of State v. Treasure Salvors,*
458 U.S. 670 (1982) ................................................22

*Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank,*
527 U.S. 627 (1999) ................................................21

*Houlihan v. Offerman & Co., Inc.,*
31 F.3d 692 (9th Cir. 1994) ................................................11

*Hughes –Bechtol, Inc. v. West Va. Bd. of Regents,*
527 F. Supp. 1366 (S.D. Ohio 1981), *aff'd,* 737 F.2d 540 (6th Cir.),
*cert. denied,* 469 U.S. 1018 (1984)................................................21

Appellate Case: 11-2465    Page: 7    Date Filed: 08/17/2011 Entry ID: 3819283

*Kansas City S. Transp. Co., Inc. v. Teamsters Local Union #41,*
126 F.3d 1059 (8th Cir. 1997) ...............................................................11

*Kentucky v. Graham,*
473 U.S. 159 (1985) ...........................................................................22

*Seminole Tribe v. Florida,*
517 U.S. 44 (1996) ............................................................................21

*Simmons Foods, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co.,*
634 F.3d 466 (8th Cir. 2011) .........................................................10, 20

*State v. R&A Inv. Co.,*
336 Ark. 289 S.W.2d 299 (1999) .........................................................17

*Stebbins v. Wal-Mart Stores Ark., LLC,* No. 10-3086
2011 WL 1519390 at * 2 (W.D. Ark. Apr. 14, 2011) .....................11, 18

## CONSTITUTIONAL PROVISIONS

U. S. Const. amend. XI ....................................................................*passim*

## STATUTES and RULES

9 U.S.C. § 16(a)(1)(D) .........................................................................10

29 U.S.C. § 794 ................................................................................ vii

42 U.S.C. § 1983 ..............................................................................vii

Eighth Circuit Local Rule 28A(h)(2) ....................................................24

Fed R. App. P. 4(a)(1)(A) ................................................................ vii

Fed. R. App. P. 26.1 .......................................................................... ii

Fed. R. App. P 32(a)(7)(B) and (C) .....................................................24

Appellate Case: 11-2465    Page: 8    Date Filed: 08/17/2011 Entry ID: 3819283

# JURISDICTIONAL STATEMENT

Contrary to Appellant David Stebbins's assertions, 42 U.S.C. § 1983 and 29 U.S.C. § 794 do not provide jurisdiction for the District Court to confirm a non-existent arbitration award where the parties lacked any agreement, written or otherwise, to arbitrate. In an Order dated May 19, 2011, the District Court properly dismissed Stebbins's Section 1983 First Amendment claim because Chancellor G. David Gearhart possessed qualified immunity from suit. Stebbins's Amended Complaint lacked any allegations concerning the Federal Arbitration Act ("FAA") or any jurisdictional grounds relevant to the FAA.

The Notice of Appeal was *not* timely filed by Stebbins. In his Notice of Appeal, Stebbins states that he is appealing "the District Court order denying confirmation of an arbitration award, and denying the subsequent motion for reconsideration." (App. at 184.) The District Court entered its Order denying Stebbins's Motion to Confirm Arbitration Award on May 19, 2011, and subsequently entered an Order denying Stebbins's Motion for Reconsideration on June 6, 2011. Stebbins filed a Notice of Appeal on July 7, 2011. Under any circumstance, the Notice of Appeal was not timely filed within 30 days as required by Fed. R. App. P. 4(a)(1)(A). Ordinarily, a denial of a motion to confirm an arbitration award would be immediately appealable under 9 U.S.C. § 16(a)(1)(D). In this case, however, the Court lacks jurisdiction because the parties to this appeal

vii

never entered into any agreement, whether written or otherwise, to arbitrate.

Moreover, the parties never engaged in any arbitration, and no arbitrator ever entered an arbitration award in Stebbins's favor. In the absence of "a clear, unequivocal and unconditional agreement to arbitrate," the FAA does not "confer appellate jurisdiction" under 9 U.S.C. § 16. *Cerveceria Cuauhtemoc Moctezuma v. Montana Beverage Co.*, 330 F.3d 284, 287 (5th Cir. 2003). Accordingly, given the absence of any valid arbitration agreement, this Court lacks jurisdiction over this case. Further, the Eleventh Amendment to the U.S. Constitution bars Stebbins's claims under the FAA against the University of Arkansas and the Office of the Chancellor, and Appellees never waived any immunities to suit.

The District Court's determination that no valid arbitration agreement existed between the parties to this appeal is not a final order.

Appellate Case: 11-2465     Page: 10     Date Filed: 08/17/2011 Entry ID: 3819283

## STATEMENT OF THE ISSUES

1.      Whether the District Court's Orders denying Appellant's Motion to Confirm Arbitration Award and Appellant's Motion for Reconsideration should be affirmed because: (a) the parties never entered into any contract or agreement, whether written or otherwise, to arbitrate; (2) no arbitration between the parties ever occurred; and (3) no arbitration award was ever granted in favor of Appellant David Stebbins.

- *Simmons Foods, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co.*, 634 F.3d 466 (8th Cir. 2011);

- *Kansas City S. Transp. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059 (8th Cir. 1997);

- *AT&T Tech., Inc. v. Communication Workers*, 475 U.S. 643 (1986); and

- *Stebbins v. Wal-Mart Stores Ark., LLC*, No. 10-3086, 2011 WL 1519390 (W.D. Ark. Apr. 14, 2011).

2.      Whether the Eleventh Amendment to the U.S. Constitution bars Appellant David Stebbins's arbitration claim against the University of Arkansas and the Office of the Chancellor where the Appellees never entered into any contract or agreement, whether written or otherwise, to arbitrate and Appellees never waived any immunities to suit.

Appellate Case: 11-2465     Page: 11     Date Filed: 08/17/2011 Entry ID: 3819283

- *Hughes-Bechtol, Inc. v. West Va. Bd. of Regents*, 527 F. Supp. 1366 (S.D. Ohio 1981), *aff'd*, 737 F.2d 540 (6th Cir.), *cert. denied*, 469 U.S. 1018 (1984);

- *Alden v. Maine*, 527 U.S. 706 (1999);

- *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627 (1999); and

- *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999).

Appellate Case: 11-2465    Page: 12    Date Filed: 08/17/2011 Entry ID: 3819283

## STATEMENT OF THE CASE

Appellant David Stebbins ("Stebbins") filed a Complaint against the University of Arkansas and subsequently amended the Complaint to add G. David Gearhart solely in his official capacity as Chancellor.  Stebbins's Amended Complaint alleges discrimination in violation of Section 504 of the Rehabilitation Act as well as violations of his First Amendment rights.  In response, Appellees, the University of Arkansas and Chancellor Gearhart, filed a Motion to Dismiss.  While Appellees' dispositive motion was pending with the District Court, Stebbins filed a Motion to Confirm Arbitration Award and several other pleadings.

On May 19, 2011, the District Court granted Appellees' Motion to Dismiss except for one Section 504 claim.  On the same day, the Court ruled on various other pending motions filed by Stebbins, and denied Stebbins's Motion to Confirm Arbitration Award.  Eventually, Stebbins filed a Motion for Reconsideration seeking review of the denial of the Motion to Confirm Arbitration Award.  The District Court denied that motion on June 6, 2011.  Stebbins then filed an untimely Notice of Appeal on July 7, 2011.

In his untimely Notice of Appeal, Stebbins states that he is appealing the District Court's denial of the Motion to Confirm Arbitration Award and the denial of the Motion for Reconsideration.  Stebbins does not appeal any other issues.

1

# STATEMENT OF THE FACTS

A. Procedural Background

On July 12, 2010, Appellant David Stebbins ("Appellant" or "Stebbins"), acting *pro se*, initiated a lawsuit alleging discrimination in violation of Section 504 of the Rehabilitation Act and the First Amendment against the University of Arkansas. On August 26, 2010, Appellant filed a motion to amend his initial complaint to include a claim for employment discrimination pursuant to Section 504. The Complaint lacked any allegations relating to the Federal Arbitration Act. On August 30, 2010, the Court granted Stebbins's motion to amend/correct the Complaint. On September 10, 2010, the University of Arkansas ("University") and the Office of the Chancellor filed a Motion to Dismiss the Complaint and Amended Complaint along with a supporting brief.

While Appellants' initial Motion to Dismiss was pending with the District Court, Stebbins filed a motion to dismiss on September 16, 2010, requesting the dismissal of the portion of his Complaint seeking "$300,000,000 in lost reputation/profits damages" from the University. In a separate pleading, Stebbins responded to the initial Motion to Dismiss and expressly requested to amend his initial Complaint to add G. David Gearhart solely in his official-capacity as the Chancellor of the University of Arkansas, Fayetteville ("Chancellor" or "Chancellor Gearhart").

2

The District Court entered an Order on October 4, 2010, addressing the parties' respective pleadings. The District Court granted Stebbins's letter motion for the partial dismissal of his claim "for lost reputation/profits" and further held that "service of process upon [the University] has not been perfected." The District Court granted Stebbins 45 days from the date of the Order to perfect service and further granted Stebbins's request to amend the Complaint to name Chancellor Gearhart as an official-capacity defendant. The District Court then took the remainder of the University's Motion to Dismiss under advisement.

Following this ruling by the Court, Stebbins filed an Amended Complaint on October 7, 2010, and further moved the District Court to order the United States Marshal to serve the Amended Complaint on the University and Chancellor Gearhart. On October 27, 2010, Magistrate Judge Erin Setser entered an Order directing the United States Marshal to serve the Amended Complaint upon the University and Chancellor Gearhart, and further directed the Appellants to respond to the Amended Complaint within 21 days from the date of service. Judge Setser's Order listed the defendants in the case as the University of Arkansas and the Office of the Chancellor.

Subsequently, on November 15, 2010, the United States Marshal served B. Alan Sugg, President of the University of Arkansas, with the Amended Complaint, as filed by Stebbins on October 7, 2010. Two days later, on November 17, 2010,

the United States Marshal served the Amended Complaint (as filed by Stebbins on October 7, 2010) on Chancellor Gearhart. The October 7, 2010, Amended Complaint was the only version of the Complaint that Stebbins caused to be properly served upon the Appellees, and the pleading lacked any allegations or claims under the Federal Arbitration Act. After causing the Amended Complaint (filed on October 7, 2010) to be served upon the University and Chancellor Gearhart by the United States Marshal, Stebbins filed yet another Motion to Amend Complaint on November 23, 2010. In an Order entered on December 2, 2010, the District Court denied Stebbins's Motion to Amend.

In an Order entered on December 14, 2010, the District Court granted Appellees' Motion for Extension of Time to Plead and Appellees' Renewed Motion for Extension of Time to Plead and ordered Appellees to respond to the Complaint and the Amended Complaint no later than December 23, 2010.

B.     <u>Summary of Allegations in the Amended Complaint</u>

The Amended Complaint primarily consists of legal conclusions and attempts to assert claims under the Rehabilitation Act and the First Amendment. The Amended Complaint, however, lacks any allegations that Stebbins and the University and Chancellor Gearhart ever entered into an arbitration agreement. Instead, Stebbins alleged as follows:

- That on December 5, 2007, the University banned Stebbins from campus for "making a threat against them";

4

- That Stebbins had scheduled an appointment at the Pat Walker Health Center to get his medication refilled, but he was not seen;

- That Stebbins then "went to the Center for Conflict Resolution. . . .when [his] Aspergers kicked in," and Stebbins states that he "told them, that without these medications, there could be another Virginia Tech incident";

- That later that same evening, Stebbins was advised that he was banned from campus pending a judicial hearing and later participated in a hearing regarding this incident;

- That on June 13, 2010, Stebbins sent Chancellor Gearhart an "expletive-filled email" and "demanded that [the Chancellor] retroactively expunge the suspension, officially credit me with having withdrawn due for [sic] confidential reasons, and allow [Stebbins] to re-enroll immediately for the Fall 2010 semester";

- That on June 15, 2010, a University of Arkansas Police Department ("UAPD") investigator notified Stebbins that he was "banned from the University of Arkansas campus . . . for a period of one year" due to the "expletive-filled email" sent to Chancellor Gearhart;

- That Stebbins, "[i]n an attempt to strengthen his case," contacted Appellees' counsel and inquired whether he would receive "equal consideration" for a position with the University, and that Appellees' counsel responded that Stebbins "may apply to any position";

- Stebbins's Amended Complaint seeks injunctive relief to "expunge" all records of Stebbins's "suspension" and to officially state that Stebbins left for "classified reasons," compensatory damages in the amount of "$22,282.40" as the difference in costs incurred by Stebbins due to his attendance at a private college, compensatory damages for alleged employment discrimination in the form of "back pay, plus three years of front pay, equal to that of a full-time job that pays $8.00 per hour"; and punitive damages against the University in the amount of $300,000.00.

5

Despite filing multiple pleadings and amending his Complaint, Stebbins never alleged that the Appellees engaged in any arbitration or that an arbitrator had entered an award in favor of Stebbins.

C.  Stebbins's Motion to Confirm Arbitration Award and Related Pleadings

As Appellees' Motion to Dismiss, which included dispositive immunity defenses, was pending with the District Court, Stebbins filed various motions.  On February 15, 2011, Stebbins filed a Motion to Confirm Arbitration Award and a Brief in Support of Motion with a series of exhibits attached thereto.  (App. at 93-95 & 96-117.)  The same day, Stebbins filed a "Suggestion In Support Of Motion To Confirm Arbitration Award."  (*Id*. at 118-19.)  On March 4, 2011, Stebbins filed a Motion for Default Judgment and a supporting brief relating to his request to confirm his alleged arbitration award.  (*Id*. at 126-27 & 128-30.)  On March 21, 2011, Stebbins filed a document titled "Supplement to Motion for Default and Motion to Confirm Arbitration Award."  (*Id*. at 132-34.)

On March 24, 2011, the University and Chancellor Gearhart filed a Response in Opposition to Plaintiff's Supplement to Motion for Default and Motion to Confirm Arbitration Award ("Response").  (*Id*. at 136-37.)  In their Response, Appellees stated: "For the record, Defendants respectfully advise the Court that they have not agreed to engage in arbitration at any time with [Stebbins]."  (*Id*. at 136.)  Appellees further explained that their dispositive Motion

6

to Dismiss, which had been filed on December 23, 2010, remained pending with the District Court.

On May 10, 2011, Stebbins filed a Motion for Summary Judgment and a supporting brief. (*Id*. at 139 & 141-43.) Appellees filed a Brief in Opposition to Plaintiff's Motion for Summary Judgment on May 19, 2011, and again objected that "they have not agreed to engage in arbitration with [Stebbins] at any time, and in fact, have never done so." (*Id*. at 146.) Stebbins then filed a "Reply Suggestion to Motion for Summary Judgment" on May 24, 2011. (*Id*. at 169.)

D. The District Court's Orders

On May 19, 2011, the District Court entered two Orders. In the first Order, the District Court granted Appellees' Motion to Dismiss in part and denied it in part. (*Id*. at 149-57.) The District Court dismissed all claims but ruled that Stebbins's Section 504 discrimination claim relating to his efforts to re-enroll at the University was sufficient to withstand a Rule 12(b)(6) challenge. (*Id*. at 153-56.) This Order is not on appeal.

In the other Order entered on May 19, 2011, the District Court denied Stebbins's Motion to Confirm Arbitration Award (among other rulings on various pending motions). (Add. at 1-6.) The District Court concluded that Stebbins's Motion was "patently without merit." The District Court further held that Stebbins

7

"has not even proven the existence of any agreement to arbitrate, much less that an arbitration took place and resulted in an award." (*Id.* at 5.)

In response, Stebbins filed a Motion for Reconsideration and a supporting brief on May 24, 2011. (App. at 164 & 165-68A.) Stebbins also filed a Supplement to Motion for Reconsideration on June 7, 2011. By Order entered on June 6, 2011, the District Court denied Stebbins's Motion for Reconsideration, and Stebbins filed an untimely Notice of Appeal on July 7, 2011. In the Notice of Appeal, Stebbins states that he is appealing the District Court's May 19 Order denying the confirmation of the arbitration award and the Order denying the Motion for Reconsideration. The Notice of Appeal is untimely.

On June 29, 2011, the District Court entered an Order denying Stebbins's Motion for Summary Judgment. Although Stebbins did not appeal that Order, Stebbins filed his untimely Notice of Appeal on July 7, 2011.

8

## SUMMARY OF THE ARGUMENT

Appellant David Stebbins ("Stebbins") filed an Amended Complaint against the University of Arkansas and G. David Gearhart, solely in his official capacity as Chancellor of the University of Arkansas, Fayetteville, alleging discrimination under Section 504 of the Rehabilitation Act due to Stebbins's student status (after he threatened another "Virginia Tech incident") and his desire to apply for employment at the University. Stebbins also asserted a First Amendment violation. In response, Appellees filed a dispositive Motion to Dismiss raising immunity and other defenses. Prior to the District Court's ruling on the Motion to Dismiss, Stebbins drafted a self-serving arbitration "contract" that contained a "forfeit victory" clause. Stebbins claims that Appellees "accepted" the "contract" when Stebbins called Appellees' counsel, and Appellees' counsel accepted Stebbins's phone call. Stebbins then claims he obtained a "forfeit victory" because Appellees did not accept his "invitation" to arbitrate within 24 hours of allegedly receiving the "contract." The record unequivocally shows that the Appellees rejected Stebbins demands to arbitrate. The District Court determined that no valid arbitration agreement existed among the parties on appeal, that Appellees never accepted the "contract," and that Stebbins failed to show the existence of an arbitration award. The District Court's denial of Stebbins's motions to confirm the non-existent arbitration award should be affirmed.

9

**ARGUMENT**

## I.  STANDARD OF REVIEW

This Court applies a *de novo* standard of review to the District Court's

determination that no valid arbitration agreement existed between Stebbins and the

Appellees.  *Simmons Foods, Inc. v. H. Mahmood J. Al-Bunnia & Sons Co.*, 634

F.3d 466, 468 (8th Cir. 2011).

## II. THE DISTRICT COURT'S ORDERS DENYING THE MOTION TO CONFIRM ARBITRATION AWARD AND DENYING THE MOTION FOR RECONSIDERATION SHOULD BE AFFIRMED

A. <u>No Arbitration Agreement, Whether Written or Otherwise, Ever Existed Between Stebbins and the University and Chancellor Gearhart, the Parties Never Engaged in Arbitration, and No Arbitration Award Was Ever Granted in Favor of Appellant David Stebbins.</u>

The District Court determined that no agreement to arbitrate existed between

Stebbins and Appellees and properly denied Stebbins's Motion to Confirm

Arbitration Award ("Motion").  By its express terms and consistent with the

precedent of this Court, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16,

only requires a "dispute . . . [to] be submitted to arbitration if there is a valid

agreement to arbitrate and the dispute falls within the scope of that agreement."

*Simmons Foods*, 634 F.3d at 468 (quotations & citations omitted).  If, as in this

case, the University and Chancellor Gearhart have not agreed to engage in

arbitration, they "cannot be forced to do so."  *Id.* at 469.  As established by this

10

Court, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Kansas City S. Transp. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059, 1067 (8th Cir. 1997).

In reviewing Stebbins's confirmation motion, the District Court "engage[d] in a limited inquiry to determine whether a valid agreement to arbitrate exist[ed] between the parties" in this case. *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 694-95 (8th Cir. 1994). The inquiry into the existence of an arbitration agreement is governed by state contract law. *Donaldson Co., Inc. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731-32 (8th Cir. 2009). "Under Arkansas law, a contract must include these essential elements: 1) competent parties, 2) subject matter, 3) legal consideration, 4) mutual agreement, 5) mutual obligations." *Stebbins v. Wal-Mart Stores Ark., LLC*, No. 10-3086, 2011 WL 1519390 at *2 (W.D. Ark. Apr. 14, 2011) (quotations & citation omitted). Here, the District Court concluded that Stebbins failed to show the existence of a valid arbitration agreement or the existence of an arbitration award. (Add. at 3-5.)

On appeal, Stebbins advances several arguments in support of his contention that the District Court erroneously denied the Motion to Confirm Arbitration Award. In general, all of Stebbins's arguments are without merit because they rest on the false premise that a valid arbitration agreement existed among the parties

11

and that Stebbins possesses an arbitration award due to the "forfeit victory clause" contained in Stebbins's self-serving arbitration "contract." Stebbins erroneously argues that the University accepted the terms of Stebbins's arbitration "contract." (App. Br. at 12.)

       1.     <u>Appellees Did Not Accept or Agree to Stebbins's Arbitration "Contract," and No Arbitration Award Exists.</u>

In his brief in support of the Motion to Confirm Arbitration Award and in his opening Brief on appeal, Stebbins explains the basis for his argument that the District Court should have confirmed the purported arbitration award. Stebbins specifically asserts that he sent an email to Chancellor Gearhart and a University of Arkansas police officer on January 27, 2011, with a link to a YouTube video that shows a "formal contract offer." (App. at 96 & 107.) Stebbins concedes that he lacks knowledge of whether any University officials actually received the "contract offer," but Stebbins speculates that the odds against the University having received the offer are "one in a million." (*Id*. at 96.) Stebbins's proposed arbitration "contract" states, in full, as follows:

Overview

The following is a contract between David A. Stebbins of Harrison, AR (me, myself, I), and the University of Arkansas (you), collectively known as "the Parties" (we, us). By performing any of the acceptance methods listed below, you hereby agree to be bound by the following terms:

12

## Findings

1.  I am suing you in the United States District Court for the Western District of Arkansas for two violations of Section 504 of the Rehabilitation Act of 1973, and for a violation of my first amendment rights. The case number for this case is 10-5125.

2.  You have filed a motion to dismiss, claiming sovereign immunity, as well as failure to state a claim upon which relief can be granted.

2.  The court has not yet ruled on the above-mentioned motion to dismiss.

4.  You have raised the defense of sovereign immunity against me in the above-mentioned case.

5.  If the court denies the above-mentioned motion to dismiss, I have the right to move to impose sanctions for filing a frivolous defense.

6.  If the court grants the above-mentioned motion to dismiss, I have the right to appeal the decision.

7.  You want me to do neither #5, nor #6.

## My consideration

I will not appeal the decision, if the court rules against me, nor will I accuse you of filing a frivolous defense, if the court rules in my favor, on the motion to dismiss.

## Your consideration

In exchange for the above mentioned consideration, you agree to pay me a sum of not less than fifty million United States dollars (USD $50,000,000.00). Upon demanding the money, you agree that the amount you owe me shall increase tenfold for every day that it is not paid in full. This will apply, even after the arbitration award has been confirmed.

Appellate Case: 11-2465    Page: 25    Date Filed: 08/17/2011 Entry ID: 3819283

## Arbitration

You hereby agree to settle all legal disputes with me – even those not related to this contract – to binding arbitration, using the services of either www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum.  Furthermore, you hereby agree to transfer the case spoken of in finding #1 to binding arbitration.

## Forfeit Victory

If you are served with an arbitration invitation, and do not accept this arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case.  If you received the arbitration invitation in the mail, you must have your acceptance in the mail by the next business day to avoid this forfeit victory clause.

## Acceptance method

You accept this contract if you, or your employees and/or affiliates…

1.      Instigate communications with me, in any way, unless you are legally required to communicate with me.

A)      This will apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire, and the fact is admitted by default.)

2.      Allowing me to communicate with you for any reason that you are not legally required to entertain me on.

A)      This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with you for.

3.      Seeing me on your property and not asking me to leave, immediately.

14

(App. at 108 & 98.)  Based upon the text of this "contract," Stebbins asserts that

"*Appellees accept the contract if they communicate with [him] in any way.*"  (App.

Br. at 12 (emphasis added)

Stebbins contends the "contract" was accepted based upon the following:

> In the instant case, they talked to me over the phone, thus causing their physical likeness to trespass into my apartment.  As such, I have the inalienable right to place terms and conditions on my allowing their physical likeness to enter.  They *do not have to actively agree to these terms* and conditions; simply entering is alone sufficient to constitute implied acceptance.  *Granted, I invited the voice to enter the apartment, but that should not matter*. . . .Therefore, Appellee's actions were sufficient to signify acceptance to a contract, provided that they were educated beforehand that said actions *would* signify acceptance.

(*Id*. at 12 (emphasis added & in original).)  Stebbins's brief in support of his

Motion to Confirm Arbitration Award provides more factual detail to this

claim.

Stebbins argues that the "acceptance" of the "contract" occurred on

February 4, 2011, when Stebbins contacted Appellees' counsel by telephone.

(App. at 98.)  Stebbins then explains:

> On the date of February 4, 2011, after giving the UA ample time to actually *read* the email, and watch the video associated with it, I contacted [Appellees' counsel's] office regarding an issue I had already sent [Appellees' counsel] in an email.  [Counsel] took my call.  His secretary should have told him what I was calling about.  She knew what I was calling him about.
>
> *Simply by nature of the secretary not hanging up on me, they became bound by the contract*.  However, when [Appellees' counsel] himself, who

15

personally received a copy of that email, chose to take my call, then he ran
out of excuses.

(*Id*. at 98 (emphasis in original).)  Stebbins reasons that because Stebbins called
Appellees' counsel, and Appellees' counsel accepted Stebbins's call, Appellees
accepted and were bound by Stebbins's self-serving arbitration "contract."

Stebbins next states: "Later that day, I sent [Appellees' counsel] an
email, containing an invitation to arbitrate."  (*Id*. at 99.)  Under the terms of the
contract, Stebbins asserts that Appellees were "legally required to accept [the
offer to arbitrate], otherwise the UA lost, automatically."  (*Id*.)  The specific
email stated: "Remember, the contract states that you must accept the
arbitration *invitation* within 24 hours!  This means that I don't have to actually
file it with the AAA.  Simply fill out these things, sign it, and return those
scanned, signed copies back to m[e] by this time, tomorrow, and I can go ahead
and file them with the AAA, for real.  Thank you."  (*Id*. at 114 (emphasis in
original).)

Counsel for Appellees squarely *rejected* Stebbins's request to arbitrate in
an email to Stebbins as follows:

As you know, the University and Chancellor Gearhart are currently
defendants in a federal lawsuit you have filed against them.  The University
and Chancellor Gearthart have *previously declined* to engage in mediation
and/or *arbitration with you*, and *our position on this matter has not changed*.
The University and Chancellor Gearhart have not violated your legal rights.

(*Id*. at 115; Add. at 10 (emphasis added).)  Clearly, Appellees' counsel refused

Stebbins's invitation to arbitrate and never "accepted" Stebbins's "contract."

Additionally, Appellees repeatedly informed Stebbins and the District Court

that they had not agreed to any arbitration agreement.  (App. at 136 ("For the

record, Defendants respectfully advise the Court that they have not agreed to

engage in arbitration at any time with [Stebbins]."); *Id*. at 146 ("As [Appellees]

have also previously informed the Court, they have not agreed to engage in

arbitration with [Stebbins] at any time, and in fact, have never done so.").)

In light of Appellees' refusal to arbitrate, Stebbins "invoke[d] the forfeit

victory clause" of his "contract" and asked the District Court to confirm – not

an arbitration award – but the "forfeit victory" to enable Stebbins to collect,

among other relief, "$50,000.000.00, with the outstanding balance increasing

tenfold each day."  (*Id*. at 99.)  Among other deficiencies with Stebbins's

position on appeal, the Federal Arbitration Act provides for the confirmation of

arbitration awards arising from a valid arbitration agreements – the statute does

not compel courts to confirm "forfeit victory clauses."

Moreover, the "forfeit victory" clause, and Stebbins's entire "contract" is

unconscionable.  *See State v. R & A Inv. Co.*, 336 Ark. 289, 296, 985 S.W.2d

299, 302 (1999) ("In assessing whether a particular contract or provision is

unconscionable, the courts should review the totality of circumstances

17

surrounding the negotiation and execution of the contract."). Stebbins's "contract" is a mere scheme and is not designed to allow for meaningful and mutually desired arbitration. On its face, the "forfeit victory" is nonsensical and unconscionable.

Based on the foregoing pleadings and facts, the District Court properly determined that there were no "objective manifestations of mutual assent," and the "Acceptance methods" specified in the "contract" would result in the formation of a contract every time "a University employee said 'hello' to Stebbins in the grocery store." (Add. at 3.) Accordingly, the District Court correctly concluded that no contract to arbitrate had been formed, and Stebbins failed to show the existence of a valid agreement to arbitrate or the existence of an arbitration award. (*Id*. at 4-5.) Further, Appellees expressly rejected Stebbins's requests to arbitrate.

In another case, *Stebbins v. Wal-Mart Stores Arkansas, LLC*, No. 10-3086, 2011 WL 1519390 (W.D. Ark. Apr. 14, 2011), Stebbins once again subjected an unwilling party to his "forfeit victory" clause without success. There, the district court determined that the fact that a Wal-Mart employee sent two reply emails to Stebbins directing him to the correct department was insufficient to accept or form a unilateral arbitration contract. *Id*. at *2. The same is true in this case. The fact that Appellees' counsel accepted a call *from*

18

Stebbins is insufficient to constitute an act of acceptance of a contract to arbitrate. For all of these reasons, the University and Chancellor Gearhart never agreed, in writing or otherwise, to arbitrate with Stebbins, and no valid agreement ever existed. Further, Stebbins never obtained an arbitration award.

2.     <u>Stebbins's Vacation Argument Is Without Merit.</u>

On appeal, Stebbins argues that the District Court lacked authority to do anything unless the arbitration award was first vacated or modified. (App. Br. at 9-11.) As a matter of law, Stebbins's argument fails because the District Court must first determine whether a valid agreement to arbitrate existed among the litigants. *Daisy Mfg. Co., Inc. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994). As detailed above, Stebbins's argument is erroneously premised on the false assertion that a valid arbitration agreement existed between the parties and that Stebbins obtained an arbitration award. In reality, Appellees never entered into an agreement to arbitrate or engaged in arbitration, and a motion to vacate a non-existent arbitration award would have been meaningless. Such a motion was not required under the FAA and would have been a waste of judicial resources, particularly when Appellees' counsel has repeatedly rejected Stebbins's requests to arbitrate both directly and in responsive pleadings.

Despite filing multiple lawsuits against numerous defendants, Stebbins fails to appreciate that the FAA is a not a weapon to be used for tricks and

19

gimmicks to leverage astronomical payouts.  As explained by the U.S. Supreme

Court, parties must intentionally agree to engage in arbitration:

> [A]rbitration is a matter of contract and a party cannot be required to submit
> to arbitration any dispute which he has not agreed so to submit.  This axiom
> recognizes the fact that arbitrators derive their authority to resolve disputes
> *only because the parties have agreed in advance to submit such grievances*
> *to arbitration*.

*AT&T Tech., Inc. v. Communication Workers*, 475 U.S. 643, 648-49 (1986)

(emphasis added).  The record in this case demonstrates that Appellees rejected

Stebbins's requests to arbitrate and never expressed any intent to arbitrate.

Accordingly, Stebbins's vacation argument is inapposite and meritless.

### 3.    As a Matter of Law, the District Court Was Required to Determine Whether a Valid Arbitration Agreement Existed.

Stebbins next argues that the District Court erred by not referring the case

to an "arbitrator [who] must decide the validity of a contract as a whole, unless

the arbitration clause itself is being challenged, even in cases where the contract

was allegedly fraudulently induced."  (App. Br. at 11.)  The established

precedent of this Court required the District Court to determine whether a valid

arbitration agreement existed between the parties.  *Simmons Foods*, 634 F.3d at

468.  The issue is that the parties never entered into an arbitration agreement,

and no arbitration award was ever granted.  Stebbins's argument is wholly

without merit.

20

In summary, the District Court properly determined that Stebbins failed to demonstrate the existence of a valid arbitration agreement or an arbitration award, and the District Court's Orders denying Stebbins's motions should be affirmed.

## III. THE ELEVENTH AMENDMENT INDEPENDENTLY BARS ACTIONS UNDER THE FEDERAL ARBITRATION ACT

Independent of the foregoing reasons to affirm the denial of the Motion to Confirm Arbitration, the Eleventh Amendment bars Stebbins's claims under the Federal Arbitration Act ("FAA"). *Hughes-Bechtol, Inc. v. West Va. Bd. of Regents*, 527 F. Supp. 1366 (S.D. Ohio 1981) (holding that the FAA did not abrogate Eleventh Amendment immunity), *aff'd*, 737 F.2d 540 (6th Cir.), *cert. denied*, 469 U.S. 1018 (1984). As a matter of law, Appellees are entitled to invoke Eleventh Amendment immunity, and they have not waived their immunity. *Assaad-Faltas v. UAMS*, 708 F.Supp. 1026, 1030 (E.D. Ark. 1989), *aff'd,* 902 F.2d 1572 (8th Cir.), *cert. denied*, 498 U.S. 905 (1990). Accordingly, the Eleventh Amendment bars the relief sought by Stebbins, and the District Court's denial of the Motion to Confirm Arbitration Award and the Motion for Reconsideration should be affirmed. *See Alden v. Maine*, 527 U.S. 706, 750 (1999); *see also Seminole Tribe v. Florida*, 517 U.S. 44 (1996); *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627 (1999); *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999).

Appellate Case: 11-2465     Page: 33     Date Filed: 08/17/2011 Entry ID: 3819283

Prior to the filing of the Notice of Appeal in this case, the District Court entered an Order on May 19, 2011, dismissing all of Stebbins's claims, including his First Amendment claim against Chancellor Gearhart in his official capacity, except for the Section 504 claim against the University. Chancellor Gearhart was sued solely in his official capacity, and Stebbins's Motion to Confirm Arbitration Award was filed against the University – not Chancellor Gearhart. Given that Stebbins sued Chancellor Gearhart solely in his official capacity, any such action would be the same as an action against the University. As this Court knows, the Eleventh Amendment also bars all suits in which the State is the real, substantial party in interest, whether the action is nominally instituted against the State, a state agency or instrumentality, or a state official. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Florida Dep't of State v. Treasure Salvors*, 458 U.S. 670 (1982). If this Court determines that Stebbins's appeal is filed against Chancellor Gearhart, any such claim against the Office of the Chancellor is barred by the Eleventh Amendment as well.

## IV.   CONCLUSION

For all of the foregoing reasons, Appellees, University of Arkansas, and G. David Gearhart, in his official capacity as Chancellor of the University of Arkansas, Fayetteville, request that this Court affirm the District Court's denial of the Motion to Confirm Arbitration Award and the Motion for Reconsideration.

22

Respectfully submitted,


By: /s/ T. Scott Varady
T. SCOTT VARADY
Arkansas Bar No. 93172
Associate General Counsel
E-mail: svarady@uark.edu
WILLIAM R. KINCAID
Arkansas Bar No. 93125
Associate General Counsel
E-mail: wkincaid@uark.edu
TAMLA J. LEWIS
Arkansas Bar No. 2005237
Associate General Counsel
E-mail: tjlewis@uark.edu
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: (479) 575-5401

        and

JEFFREY A. BELL
Arkansas Bar No. 77009
Senior Associate General Counsel
University of Arkansas
2404 N. University Avenue
Little Rock, AR 72207
Phone: (501) 686-2520
E-mail: jbell@uasys.edu

COUNSEL FOR APPELLEES
UNIVERSITY OF ARKANSAS
AND G. DAVID GEARHART, IN
HIS OFFICIAL CAPACITY AS
CHANCELLOR OF THE
UNIVERSITY OF ARKANSAS,
FAYETTEVILLE

23

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the limitations specified in Fed. R. App. P.

32(a)(7)(B) and (C).  Appellee prepared this brief with Microsoft Word in 14 point,

Times New Roman typeface.  This brief contains 5,117 words.  Pursuant to Eighth

Circuit Local Rule 28A(h)(2) I certify that the electronic version of Appellees'

Brief and Addendum have been scanned for viruses and they are virus-free.

/s/ T. Scott Varady
T. Scott Varady
Associate General Counsel

August 17, 2011

24

# **CERTIFICATE OF SERVICE**

I, T. Scott Varady, Associate General Counsel, do hereby certify that I have caused a copy of the foregoing Appellees' Brief to be served via U.S. First-Class Mail on this _____ day of August, 2011 on Appellant David Stebbins as follows:

Harrison, AR

By: /s/ T. Scott Varady
T. Scott Varady
Associate General Counsel
