# NO. 11-2465

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

**DAVID STEBBINS**                                              **APPELLANT**

**v.**

**UNIVERSITY OF ARKANSAS**
**and G. DAVID GEARHART, in**
**his official capacity as Chancellor**
**of the University of Arkansas, Fayetteville**        **APPELLEES**

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

THE HONORABLE UNITED STATES DISTRICT JUDGE
JIMM L. HENDREN

## APPELLEES' ADDENDUM

T. SCOTT VARADY  
Associate General Counsel  
Arkansas Bar No. 93172  
E-mail: svarady@uark.edu  
WILLIAM R. KINCAID  
Associate General Counsel  
Ark. Bar No. 93125  
E-mail: wkincaid@uark.edu  
TAMLA J. LEWIS  
Associate General Counsel  
Ark. Bar No. 2005237  
E-mail: tjlewis@uark.edu  
University of Arkansas  
421 Administration Building  
Fayetteville, AR 72701  
Phone: 479-575-5401  

JEFFREY A. BELL  
Senior Associate General Counsel  
Arkansas Bar No. 77009  
University of Arkansas  
2404 N. University Avenue  
Little Rock, AR 72207  
(501) 686-2520  
E-mail: jbell@uasys.edu  

COUNSEL FOR APPELLEES

# TABLE OF CONTENTS FOR ADDENDUM

**Page No.**

Order regarding Motion to Confirm Arbitration Award;
Motion for ECF and PACER Account; Motion for Default Judgment;
and Motion for In-Person Hearing ........................................................................1

Order regarding Motion for Reconsideration ........................................................7

Notice of Appeal ...................................................................................................8

Appellant's Exhibit B............................................................................................9

Appellant's Exhibit G .........................................................................................10

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                           PLAINTIFF

      v.        Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                             DEFENDANTS

O R D E R

Now on this 19th day of May, 2011, come on for consideration the following:

   \*   plaintiff's **Motion To Confirm Arbitration Award** (document #30);

   \*   plaintiff's **Motion For ECF and PACER Account** (document #34);

   \*   plaintiff's **Motion For Default Judgment** (document #35); and

   \*   plaintiff's **Motion For In-Person Hearing** (document #40) and from said motions, the Court finds and orders as follows:

   1.   In his Amended Complaint, plaintiff David Stebbins ("Stebbins") contends that the University of Arkansas ("UA") discriminated against him, in violation of Section 504 of the Rehabilitation Act of 1973, by failing in 2010 to allow him to re-enroll as a student after he was banned from campus in 2007. Stebbins contends that he has Asperger Syndrome, and that UA made

Appellate Case: 11-2465   Page: 3   Date Filed: 08/17/2011 Entry ID: 3819288

no attempt to accommodate this disability.

Stebbins also contends that G. David Gearhart ("Gearhart"), in his official capacity as UA Chancellor, violated Stebbins' First Amendment rights by banning him from campus for one year because of an e-mail Stebbins sent Gearhart demanding that he be allowed to re-enroll.

Finally, Stebbins contends that he was subjected to employment discrimination when UA counsel did not give him a "yes or no" answer his inquiry about whether he would be given equal consideration with every other applicant should he apply for a job at UA while he was barred from campus.

2. By separate Order entered this date, the Court has granted defendants' Motion To Dismiss as to all of these claims except Stebbins' claim for relief under § 504. While the Motion To Dismiss was pending, Stebbins filed the motions now under consideration. Before the Court could act upon them, he filed a Notice Of Appeal, which deprived this Court of jurisdiction. The Mandate has now issued on this appeal, jurisdiction has returned to this Court, and the Court takes up the pending motions.

3. Defendants have not responded to any of the motions now under consideration, except to state that they will respond if need be, after their potentially-dispositive Motion To Dismiss is ruled on. The Court sees no need for a response to any of these motions, however, as all are patently without merit.

000002

4.     The Motion To Confirm Arbitration Award relies on the novel proposition that one party can force a contract on another by sending an offer to contract, and stating therein that conduct entirely unrelated to a showing of agreement to be bound will constitute acceptance.  The "Acceptance methods" specified in Stebbins' offer are as follows:

> You accept this contract if you, or your employees and/or affiliates...
> 1.     Instigate communications with me, in any way, unless you are legally required to communicate with me.
> A)   This will also apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire, and the fact is admitted by default).
> 2.     Allowing me to communicate with you for any reason that you are not legally required to entertain me on.
> A)   This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with you for.
> 3.     Seeing me on your property and not asking me to leave, immediately.

If Stebbins were correct in his assertions, a contract would be formed in a University employee said "hello" to Stebbins in the grocery store.  This, of course, is not how contracts are formed, even on the internet. Formation of a contract requires "objective manifestations of mutual assent."  **Johnston v. Curtis, 70 Ark. App. 195, 200, 16 S.W.3d 283, 286 (Ark.App. 2000).**  "Objective" manifestations are "based on externally verifiable phenomena, as opposed to an individual's perceptions, feelings, or intentions."

000003

**Black's Law Dictionary**, 9th Ed.

Stebbins' cited authorities in no way support his contention. In **Davidson & Associates v. Jung**, 422 F.3d 630 (8th Cir. 2005); **Feldman v. Google, Inc.**, 513 F.Supp.2d 229 (E.D. Pa. 2007); **Bragg v. Linden Research, Inc.**, 487 F.Supp.2d 593 (E.D. Pa. 2007); and **i.Lan Systems, Inc. v. Netscout Service Level Corp.**, 183 F.Supp.2d 328 (D. Mass. 2002), the plaintiffs all indicated intent to be bound to a contract on the internet by clicking a box which specifically indicated assent to the terms of the contract.

In **Hubbert v. Dell Corp.**, 359 Ill.App.3d 976, 835 N.E.2d 113 (Ill.App. 5 Dist. 2005), plaintiffs bought computers over the internet, subject to the seller's terms and conditions of sale, which were available to them before purchase, and which they agreed constituted a binding contract.

**C & L Enterprises, Inc. v. Citizen Band Potawatomi Tribe of Oklahoma**, 532 U.S. 411 (2001); **Buckeye Check Cashing, Inc. v. Cardegna**, 546 U.S. 440 (2006); and **Thurman v. Thurman**, 50 Ark.App. 93, 900 S.W.2d 221 (Ark.App. 1995) all involved written contracts. Stebbin' remaining citations are to unreported cases from District Courts outside the Eighth Circuit, and have so little precedential value that the Court need not waste valuable judicial resources reviewing them.

None of these authorities even remotely suggests that a

Appellate Case: 11-2465    Page: 6    Date Filed: 08/17/2011    Entry ID: 3819288

000004

contract can be formed in the manner here suggested by Stebbins. Because the Motion To Confirm Arbitration Award is without merit on its face, it will be denied.

5. In his Motion For Default Judgment, Stebbins contends that because defendants did not respond to his Motion To Confirm Arbitration Award in a timely fashion, he is entitled to an order confirming "the arbitration award." He suggests that **F.R.C.P. 55(a)** would justify such confirmation, but defendants -- having moved to dismiss -- cannot be said to have failed to "otherwise defend" in this case. He suggests that **F.R.C.P. 8(b)(6)** would justify it, but that provision only applies to the effect of failing to deny an allegation in a pleading, and motions are not pleadings. **F.R.C.P. 7(a)**.

Finally Stebbins also suggests that silence constitutes agreement under the Latin maxim *qui tacet consentire videtur*. This argument is without force, because, while such maxims may be persuasive in an evidentiary context, they cannot be used to supplant the **Federal Rules of Civil Procedure**.

In addition, the Court notes that Stebbins has not shown the existence of any arbitration award. As set out above, he has not even proven the existence of any agreement to arbitrate, much less that an arbitration took place and resulted in an award. The Motion For Default Judgment is without merit, and will be denied.

6. Stebbins also asks the Court, in his Motion For ECF and

Appellate Case: 11-2465    Page: 7    Date Filed: 08/17/2011 Entry ID: 3819288

000005

PACER Account, to allow him to electronically file his submissions in this case. The Court does not permit pro se litigants to file documents electronically. See **Section IV.C.** of the Court's **CM/ECF Administrative Policies And Procedures Manual For Civil Filings**, attached to **General Order 36**. This motion will be denied.

7. Finally, Stebbins asks for a hearing on the motions herein addressed, as well as UA's Motion To Dismiss. The Court sees no purpose to be served in conducting such a hearing, as the motions are fully addressed in the briefing. This motion will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Confirm Arbitration Award** (document #30) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion For ECF and PACER Account** (document #34) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion For Default Judgment** (document #35) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's **Motion For In-Person Hearing** (document #40) is **denied**.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren<br>
**JIMM LARRY HENDREN**<br>
**UNITED STATES DISTRICT JUDGE**

Appellate Case: 11-2465   Page: 8   Date Filed: 08/17/2011   Entry ID: 3819288

000006

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                      PLAINTIFF

v.           Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                          DEFENDANTS

## O R D E R

Now on this 6th day of June, 2011, comes on for consideration plaintiff's **Motion For Reconsideration** (document #54), and the Court, being well and sufficiently advised, finds that said motion should be, and same hereby is, **denied**.

**IT IS SO ORDERED.**

                                             /s/ Jimm Larry Hendren
                                             JIMM LARRY HENDREN
                                             UNITED STATES DISTRICT JUDGE

Case 5:10-cv-05125-JLH   Document 62   Filed 07/07/11 

**U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUL 0 7 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK**

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

DAVID A. STEBBINS                                    PLAINTIFF

vs.                          Civ. No. 10-5125

UNIVERSITY OF ARKANSAS & GEORGE GEARHART              DEFENDANTS

## NOTICE OF APPEAL

Comes now Appellant David Stebbins, who hereby submits the following notice of appeal.

Per my rights under 9 U.S.C. § 16(a)(1)(D), I intend to appeal the District Court order denying confirmation of an arbitration award, and denying the subsequent motion for reconsideration.

The motion for reconsideration was denied on June 6, 2011. This notice is being filed on July 5, 2011, so the appeal is still timely. It is barely timely, but it is timely nonetheless.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my notice of appeal was served on T. Scott Varady, attorney for the Defense, by faxing a copy to him on the 5th day of July, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

Appellate Case: 11-2465   Page: 10   Date Filed: 08/17/2011   Entry ID: 3819288

000008

## Overview

The following is a contract between David A. Stebbins of Harrison, AR (me, myself, I), and the University of Arkansas (you), collectively known as "the Parties" (we, us). By performing any of the acceptance methods listed below, you hereby agree to be bound by the following terms:

## Findings

1. I am suing you in the United States District Court for the Western District of Arkansas for two violations of Section 504 of the Rehabilitation Act of 1973, and for a violation of my first amendment rights. The case number for this case is 10-5125.
2. You have filed a motion to dismiss, claiming sovereign immunity, as well as failure to state a claim upon which relief can be granted.
3. The court has not yet ruled on the above-mentioned motion to dismiss.
4. You have raised the defense of sovereign immunity against me in the above-mentioned case.
5. If the court denies the above-mentioned motion to dismiss, I have the right to move to impose sanctions for filing a frivolous defense.
6. If the court grants the above-mentioned motion to dismiss, I have the right to appeal the decision.
7. You want me to do neither #5, nor #6.

## My consideration

I will not appeal the decision, if the court rules against me, nor will I accuse you of filing a frivolous defense, if the court rules in my favor, on the motion to dismiss.

## Your consideration

In exchange for the above-mentioned consideration, you agree to pay me a sum of not less than fifty million United States dollars (USD $50,000,000.00). Upon demanding the money, you agree that the amount you owe me shall increase tenfold for every day that it is not paid in full. This will apply, even after the arbitration award has been confirmed.

## Arbitration

You hereby agree to settle all legal disputes with me – even those not related to this contract – to binding arbitration, using the services of either www.net-arb.com, the American Arbitration Association, or the National Arbitration Forum. Furthermore, you hereby agree to transfer the case spoken of in finding #1 to binding arbitration.

## Forfeit Victory

If you are served with an arbitration invitation, and do not accept this arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case. If you receive the arbitration invitation in the mail, you must have your acceptance in the mail by the next business day to avoid this forfeit victory clause.

## Acceptance method

You accept this contract if you, or your employees and/or affiliates...

1. Instigate communications with me, in any way, unless you are legally required to communicate with me.
A) This will also apply if you communicate with me in ways that are expected of you, but not required, such as responding to a request for admissions, and admitting even one fact (because, if the fact is admitted, you can always just let the 30 day time limit expire, and the fact is admitted by default).
2. Allowing me to communicate with you for any reason that you are not legally required to entertain me on.
A) This will also apply to allowing me to send emails to you, and not blocking my attempts to communicate, as well as not calling the police if I communicate with you for any reason I am not legally entitled to communicate with you for.
3. Seeing me on your property and not asking me to leave, immediately.

Date Filed: 08/17/2011  Entry ID: 3819288   Appellate Case: 11-2465   Page: 11

000009

Exhibit G

**From:** Scott Varady (svarady@uark.edu)
**To:** stebbinsd@yahoo.com;
**Date:** Fri, February 4, 2011 6:22:59 PM
**Cc:**
**Subject:** Re: AAA invitation

Dear Mr. Stebbins,

As you know, the University and Chancellor Gearhart are currently defendants in a federal lawsuit you have filed against them. The University and Chancellor Gearhart have previously declined to engage in mediation and/or arbitration with you, and our position on this matter has not changed. The University and Chancellor Gearhart have not violated your legal rights.

Sincerely,
Scott

T. Scott Varady
Office of the General Counsel
421 Administration Building
University of Arkansas
Fayetteville, AR 72701
479-575-5401 (office)
479-5046 (fax)


**From:** David Stebbins <stebbinsd@yahoo.com>
**Date:** Fri, 4 Feb 2011 13:20:51 -0800
**To:** Scott Varady <svarady@uark.edu>
**Subject:** AAA invitation

Remember, the contract states that you must accept the arbitration *invitation* within 24 hours! This means that I don't have to actually file it with the AAA. Simply fill out these things, sign it, scan that, and return those scanned, signed copies back to my by this time, tomorrow, and I can go ahead and file them with the AAA, for real. Thank you.

Appellate Case: 11-2465   Page: 12   Date Filed: 08/17/2011 Entry ID: 3819288

000010