# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———

No. 11-2465

———

| | |
|---|---|
| **David Stebbins**         ) | |
|     **Appellant**         ) | |
|                     ) | |
| v.         ) | On Appeal from the United States |
|                     ) | District Court for the Western |
| **University of Arkansas & G. Dave Gearhart,**         ) | District of Arkansas |
| **in his official capacity as Chancellor of the**         ) | |
| **University of Arkansas**         ) | |
|     **Appellees**         ) | |

## REPLY BRIEFING

Comes now *pro se* Appellant David Stebbins, who respectfully submits the following reply briefing in support of my appeal.

## TIMELINESS

Appellees argue that this case is not timely. However, I am not only appealing the District Court order denying confirmation of the arbitration award, but also the District Court order denying my motion for reconsideration. The latter order is the one that triggers the 30-day time limit to file an apeal.

## SUMMARY OF APPELLEES' ARGUMENT

Appellees arguments can be summarized as follows:

1. No agreement to arbitrate exists because the District Court held that the acceptance method is not sufficient to accept a contract.

2. There was no arbitration award.

3. The forfeit victory clause is unconscionable.

4. The District Court is required to decide whether an agreement to arbitrate exists.

5. Appellees have sovereign immunity.

## SUMMARY OF COUNTER-ARGUMENT

My counter-arguments can be summarized as follows.

1. Issues of unconscionability and sovereign immunity are being raised wholly for the first time on appeal, and that is not allowed.

2. The forfeit victory clause is not unconscionable because (1) Appellees had more bargaining power than I did, and (2) it is merely designed to expedite the arbitration process.

3. Appellees are not immune under the FAA.

4. There was, in fact, an arbitration award; it was merely in a form that the Court is not used to. Specifically, the arbitration invitation that Appellees ignored stood in for the arbitration award.

5. Appellees have offered nothing in response to my argument that they accepted the contract by causing their physical likeness to trespass into my apartment.

6. The District Court should consider the validity of the arbitration agreement, but the arbitrator must consider the validity of the contract as a whole.

7. The case law which Appellees cite only concern motions to compel arbitration, not motions to confirm an arbitration award, and are thus two completely different animals.

## ARGUMENTS

I now present the detailed arguments.

### *Issues of unconscionability and sovereign immunity are being raised for the first time on appeal, and should be disregarded accordingly.*

Appellees argue for the first time on apeal that the forfeit victory clause is

unconscionable, and that they are immune from the FAA. The United States Court of Appeals for the Eighth Circuit does not consider issues raised for the first time on appeal. See Campbell v. Davol, Inc., 620 F.3d 887, 891 (8th Cir. 2010). Therefore, these arguments should be disregarded.

### *The forfeit victory clause is not unconscionable.*

To the extent that this issue will be considered for the first time on appeal, I present the following counter-argument to Appellees' argument of unconscionability.

The Defendants argue that the forfeit victory clause is unconscionable "on its face." However, they never explained how they came to that conclusion.

A contract does not have to be fair; mere unfairness in the terms of a contract do not alone make it unconscionable. To have this law would effectively amount to a court considering the adequacy of the consideration, when in fact, it should only consider the sufficiency of the consideration.

Appellees are certainly right in that, when deciding the issue of unconscionability, the court is to consider the totality of the circumstances. However, they are also to consider a gap in bargaining power between the two parties at the time the contract was formed. *See State v. R & A Inv. Co.*, 336 Ark. 289, 296, 985 S.W.2d 299, 302 (1999)

The University of Arkansas possessed a lot more bargaining power than I did; therefore, issues of unconscionability should drastically lean in my favor.

Furthermore, the forfeit victory clause was merely designed to expedite the arbitration process. There is no reason for the court to not endorse such a policy.

### *Appellees are not immune from suit under the FAA.*

To the extent that this court will entertain the issue for the first time on appeal, the FAA

constitutes, not an abrogation of sovereign immunity, but a waiver. *See C & L Enterprises, Inc. v. Citizen Band, Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411 (2001). The United States Supreme Court overrides any cases from District Courts, such as the one Appellees cited.

As arbitration is a matter of contract, and thus may only happen upon express consent of the parties (which, despite Appellees' continuous allegations, does, indeed, exist). Agreeing to arbitrate means that you agree to the jurisdiction of the arbitrator, thus constituting a waiver. *See Id*.

### *There was an arbitration award, merely an unorthodox one.*

Appellees argue that the District Court is not required to enforce a forfeit victory clause, and that there was no arbitration award. However, there *was*, in fact, an arbitration award. The arbitration award took the form of the arbitration invitation which Appellees ignored.

Just because the arbitration award is in a form that the Court is not used to does not detract from its validity.

Furthermore, for the reasons stated in my original briefing, the unorthodox form is not a grounds upon which to vacate an arbitration award unless it has nothing to do with the merits or if there is no definite or final award. The grounds for vacating or modifying an arbitration award cannot be expanded in any way, shape, or form. See *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576 (2008). If it is not in Sections 10 and 11, it cannot be used to deny confirmation of an arbitration award, period, dot, end of sentence. I do not know what about that Appellees fail to grasp.

### *A District Court may only sua sponte decide the existence of an arbitration agreement in a proceeding to compel arbitration.*

On Page 19 of the Appellee brief, Appellees made the following assertion:

"On appeal, Stebbins argues that the District Court lacked authority to do

anything unless the arbitration award was first vacated or modified. (App. Br. at 9-11.) As a matter of law, Stebbins"s argument fails because the District Court must first determine whether a valid agreement to arbitrate existed among the litigants. *Daisy Mfg. Co., Inc. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994)."

The case that Appellees rely on is a completely different type of case than what this one is. *Daisy Mfg. Co., Inc. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994) was an appeal of a District Court order denying a motion to compel arbitration and stay the proceedings. This case, however, is an appeal of a District Court order denying confirmation of an arbitration award.

These two cases are governed by two completely different sections in the Federal Arbitration Act. The former is governed by Sections 3 and 4 of the FAA; this case is governed by Section 9 of the FAA.

I will now reiterate what I stated in my first brief:

> "In *Hall Street*, the Supreme Court held that "if no method be provided" is a far cry from "must grant unless." Well, "upon being satisfied" is one of the farthest cries imaginable from "must grant unless." In fact, you will be hard pressed to find a greater example of two legal opposites."

I am correct on that argument, and Appellees have not and cannot offer anything in response to it.

Appellees may have had a valid point if the District Court were denying my motion to compel arbitration. Since the District Court denied a motion to confirm an arbitration award, however, Appellees are comparing apples to oranges.

Therefore, my original argument stands: A District Court may not deny confirmation of an arbitration award unless a motion to vacate or modify the award is granted. As Appellees have not and cannot offer anything else in response to it, besides the case law that has very little to do with the issue at hand, then my argument effectively runs unopposed.

> ***Appellees have offered nothing in response to my argument that they accepted the contract by causing their physical likeness to trespass into my apartment.***

In my first briefing, I argued that Appellees were causing their physical likeness to trespass into my apartment. Such an action *does* constitute acceptance to a contract; this is well established.

The District Court may have had a point when he said that simply saying hello to me in the grocery store would not cause a contract to be accepted; however, trespassing *does* constitute acceptance to a contract, and that is quite well established.

Appellees have offered nothing in response to this claim. As the District Court has offered nothing in response to this claim, either, that means that the Eighth Circuit must explain why it fails (if it does indeed fail) in its opinion.

They accepted the contract by trespassing into my apartment. Whether or not any other actions that would have fallen under the category of "communicating with me" would have been sufficient to accept a contract is a different story; we need not concern ourselves with those hypotheticals, because none of them happened here. The acceptance method that Appellees *did* perform is, indeed, a well-established method of accepting a contract.

### *The District Court considers a challenge to the arbitration clause, but the arbitrator considers a challenge to the contract as a whole.*

An arbitrator must decide the validity of the contract as a whole, unless the arbitration clause itself is being challenged. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967).

Appellees argue that the District Court properly decided that there was no agreement to arbitrate. This would all be fine and good, except that the District Court did much much more than that; the District Court also stated that the entire contract was invalid.

Appellees argue that the District Court must decide the validity of the arbitration

agreement, and I agree; however, the District Court must decide *only* the validity of the arbitration agreement, and nothing else.

The District Court's order pertained to the entire contract, not solely the arbitration agreement. Therefore, the arbitrator must make that decision.

Ultimately, all of Appellees arguments fail on the grounds of a straw man. They rely on case law that pertains to motions to compel arbitration, not to confirm the arbitration award, lack any legal foundation, or are otherwise simply untrue. Appellees are ultimately left without any valid counter-argument.

## CONCLUSION

For all of the foregoing reasons, I request that this Court reverse the District Court's order denying confirmation of the arbitration award.

Respectfully submitted,

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2465
_____

| | |
|---|---|
| **David Stebbins** ) <br>     **Appellant** ) <br> ) <br> v. ) <br> ) <br> **University of Arkansas & G. Dave Gearhart,** ) <br> **in his official capacity as Chancellor of the** ) <br> **University of Arkansas** ) <br>     **Appellees** ) <br> ) | **On Appeal from the United States** <br> **District Court for the Western** <br> **District of Arkansas** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of my Appellant Brief was served on Appellees by allowing them to view the notice of docket activity on ECF, pursuant to 8th Circuit Rule 25B.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com
