# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 11-2465

---

| | |
|---|---|
| **David Stebbins** ) | |
|     **Appellant** ) | |
| ) | |
| v. ) | **On Appeal from the United States** |
| ) | **District Court for the Western** |
| **University of Arkansas & G. Dave Gearhart,** ) | **District of Arkansas** |
| **in his official capacity as Chancellor of the** ) | |
| **University of Arkansas** ) | |
|     **Appellees** ) | |

## SUPPLEMENT TO REPLY BRIEFING

Comes now *pro se* Appellant David Stebbins, who respectfully submits the following supplement to my reply briefing.

I wish to provide clarification of a case law that I previously cited in support of my claim. Specifically, I am referring to the case of *Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc.*, 241 F.3d 972, 975 (8th Cir. 2001).

*Systemaire* controls in this case because the two cases have the following similarities:

1. It concerned a motion to confirm an arbitration award, not a motion to compel arbitration (this sets it apart from the case of *Daisy Mfg. Co., Inc. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994), which Appellees cite in their favor, and which concerned a motion to compel arbitration),

2. The opponents to arbitration did not feel that they were contractually obligated to arbitrate the dispute in question, and...

3. The opponents to arbitration did not take the initiative, themselves, and move to enjoin

arbitration before it was too late, or move to vacate the arbitration award; instead, they waited for the other party to move to confirm the arbitration award, and then, included the argument mentioned above in a response in opposition to the confirmation of the arbitration award.

4. The opponents to arbitration objected to the existence of a contractual obligation to arbitrate, but only in correspondence to the adverse party.

Therefore, the holding of *Systemaire* is binding on this panel. *See United States v. Betcher*, 534 F.3d 820, 823-24 (8th Cir. 2008) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (internal marks omitted)), cert. denied, 129 S. Ct. 962 (2009). This case has no significant differences from *Systemaire*, save maybe for the forfeit victory clause; however, that argument must be raised in a motion to vacate; "An [opponent to arbitration] may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate." See *Id*. Therefore, because these two cases are otherwise so similar, a similar outcome is required.

In *Systemaire*, the Eighth Circuit held in pertinent part the following:

1. Systemaire, Inc. should not have just sat on its butt and waited for Local 36 to move to confirm the arbitration award. The fact that Systemaire was disputing the very existence of a contractual obligation to arbitrate the dispute in question did not change that.

2. Systemaire could have moved to vacate the arbitration award, and they could have moved to enjoin arbitration, but they did neither.

3. Objecting to the existence of a contractual obligation to arbitrate merely via correspondence to the adverse party is insufficient to preserve the objection.

4. Therefore, confirmation of the arbitration award was proper.

Because of the cases' similarities, all this court has to do is insert "University of Arkansas" for "Systemaire, Inc." and insert "David Stebbins" for "Local 36," and the holdings I just described above become the holdings that this panel is bound, under horizontal *stare decisis*, to pass for this case.

For all of the foregoing reasons, I request that this Court reverse the District Court's order denying confirmation of the arbitration award.

Respectfully submitted,

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2465
_____

| | |
|---|---|
| **David Stebbins** ) | |
| **Appellant** ) | |
| ) | |
| v. ) | **On Appeal from the United States** |
| ) | **District Court for the Western** |
| **University of Arkansas & G. Dave Gearhart,** ) | **District of Arkansas** |
| **in his official capacity as Chancellor of the** ) | |
| **University of Arkansas** ) | |
| **Appellees** ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of my Supplement to Reply Brief was served on Appellees by allowing them to view the notice of docket activity on ECF, pursuant to 8th Circuit Rule 25B.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com