# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 11-2465

| | |
|---|---|
| **David Stebbins**<br>    **Appellant** | )<br>)<br>) |
| v. | )   On Appeal from the United States<br>)   District Court for the Western |
| **University of Arkansas & G. Dave Gearhart,**<br>**in his official capacity as Chancellor of the**<br>**University of Arkansas**<br>    **Appellees** | )   District of Arkansas<br>)<br>)<br>) |

## ADDITIONAL SUPPLEMENT TO BRIEFING

Comes now *pro se* Appellant David Stebbins, who respectfully submits the following supplement to my briefing in support of my appeal.

I have even more case law that I wish to cite in support of my claim. Specifically, I have five new cases that have held that a trial court may not vacate an arbitration award without a motion to vacate or modify being present. These five cases add to the previous cases that I have cited.

1. *D.H. Blair & Co., Inc. v. Gottdiener*, No. 04-3260, 2006WL 2551218 (2nd Cir. Sep. 5, 2006) (holding that a motion to confirm an arbitration award should be treated as a motion for summary judgment, and thus, failure to oppose it constitutes acceptance).

2. *Eichleay Corp. v. International Ass'n of Bridge, Structural & Ornamental Iron Workers*, 944 F.2d 1047, 1061 (3d Cir. 1991) ("the district court may not sua sponte raise a motion to vacate when a party has failed to file a timely petition.")

3. *NCO Portfolio Management, Inc. v. Gubanyar*, No. 90480, 2008 WL 2932143 (Ohio Ct.

RECEIVED

SEP 0 1 2011

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

App. July 31, 2008) ("[T]he court must grant [a motion to confirm] if a timely motion to vacate the award has not been made.")

4. *NCO Portfolio Management, Inc. v. McGill*, No. 21229, 2006 WL 2041476 (Ohio Ct. App. Jul 21, 2006) (holding that A court cannot require additional evidence of the agreement to arbitrate, "particularly in the absence of any challenge.")

5. *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the [FAA]")

There is, indeed, one case that I have found that does not necessarily help my case. I am referring to the case of *Matley v. Matley*, Court of Appeals of Michigan, Docket No. 203423 (March 19, 1999). However, even that case did not flat-out state that a trial court has authority to vacate an arbitration award *sua sponte*. All that case stated was that the statute "does not appear to prohibit the court from vacating an award sua sponte."

That is the only case law that I have found that comments on the issue at hand at all, yet at the same time, does anything other than help my case.

As you can clearly see, the case law dotting the nation clearly supports my assertion that vacation of an arbitration award cannot be raised by the court sua sponte.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 11-2465

---

| | |
|---|---|
| **David Stebbins** )<br>  **Appellant** )<br> )<br>v. )<br> )<br>**University of Arkansas & G. Dave Gearhart,** )<br>in his official capacity as Chancellor of the )<br>University of Arkansas )<br>  **Appellees** )<br> ) | **On Appeal from the United States District Court for the Western District of Arkansas** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of my Additional Supplement to Appellant Brief was served on Appellees by allowing them to view the notice of docket activity on ECF, pursuant to 8th Circuit Rule 25B.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com